[No. 5360.    Decided January 30, 1905.]

MATTIE E. REDDING, *in her own right and as Guardian Ad Litem, etc., Appellant,* v. PUGET SOUND IRON & STEEL WORKS, *Respondent.*[1]

TRIAL — PLEADINGS — COMPLAINT — INSUFFICIENCY NOT GROUND FOR JUDGMENT ON MERITS. A defect in the complaint in failing to state a cause of action does not justify a final judgment for defendant on the merits after plaintiff's opening statement to the jury, and the sufficiency of the complaint will not be considered upon appeal from such a judgment.

TRIAL—OPENING STATEMENT OF COUNSEL—WHEN GROUND FOR DISMISSAL. A judgment for defendant on the merits, based upon the plaintiff's opening statement to the jury, is justified only when facts are admitted from which it affirmatively appears that there is no cause of action or that there is a complete defense, and the omission to state a case fully is not ground for such a judgment.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered March 24, 1904, upon the pleadings and plaintiff's opening statement to the jury, dismiss-

[1]Reported in 79 Pac 308.

ing an action for damages for a death by wrongful act. Reversed.

*W. F. Hays* and *A. R. Titlow,* for appellants.

*Hudson & Holt,* for respondent.

RUDKIN, J.—This was an action brought by the widow and minor children to recover damages for the death of the husband and father, caused by the wrongful act of the defendant. After the jury was impaneled to try the cause in the court below, the attorney representing the plaintiff made the opening statement of his case to the jury. Upon this statement the defendant moved the court to withdraw the case from the consideration of the jury, and to direct a judgment for the defendant. At the suggestion of the court, the motion was so amended as to include the pleadings, and, as thus amended, the motion was granted, the jury discharged, and a final judgment entered in favor of the defendant. The plaintiff appealed.

No reason is assigned in support of a judgment on the pleadings except that the complaint is defective and does not state facts sufficient to constitute a cause of action. The judgment rendered was a final judgment on the merits, and, if warranted at all, must find its support in the opening statement of counsel, and not in some defect in the complaint. The complaint alone, however deficient, would not justify or sustain a judgment on the merits such as was rendered by the court below. For this reason we will not consider or pass upon the sufficiency of the complaint, as the same may be amended after the case is remanded.

It is unnecessary to set forth the opening statement of counsel in full. We deem it sufficient to say that the statement was most general in its character, and fell far short of stating facts sufficient to warrant a recovery against the

respondent. Nothing was stated affirmatively, however, that would constitute a defense to the action or bar a recovery. When, then, is a court justified in taking a case from the jury and directing a judgment on the opening statement of counsel? That a party to an action is bound by admissions made by his attorney in the opening statement of his case, or at any stage of the trial, and that the court may act upon such admissions and direct a judgment in accordance therewith in a proper case is not disputed or denied. This is all that was decided in *Lindley v. Atchison etc. R. Co.*, 47 Kan. 432, 28 Pac. 201, and *Johnson v. Spokane*, 29 Wash. 730, 70 Pac. 122. In neither case was the opening statement upon which the trial court acted brought before the appellate court. *Oscanyan v. Arms Co.*, 103 U. S. 261, was an action on contract. It appeared from the opening statement of counsel that the contract in suit was against public policy and void, and the supreme court of the United States held that upon such a statement the circuit court properly directed a verdict for the defendant. So, in any case, if it affirmatively appears from the opening statement of counsel that the contract in suit is void, or if facts are admitted which constitute a full and complete defense to the action, it would be idle for the court to proceed further with the trial.

But such is not the case here. Counsel stated too little, not too much. The court directed a judgment, not because the appellant was admitted out of court, but because the opening statement did not state facts sufficient to constitute a cause of action. Counsel may state their case as briefly or as generally as they see fit, and it is only when such statement shows affirmatively that there is no cause of action, or that there is a full and complete defense thereto, or when it is expressly admitted that the facts stated are

the only facts which the party expects or intends to prove, that the court is warranted in acting upon it. The opening statement now before the court contained no admissions which would constitute a defense or defeat the action, and the omission of counsel to state the case more fully is no justification for the action of the court below in withdrawing the case from the jury.

The judgment is therefore reversed, and the cause remanded for new trial.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.