(No. 5248. Decided May 15, 1905.)

Ralph W. Brooks, *Respondent,* v. McCabe & Hamilton, Incorporated, *Appellant.*[1]

Trial—Opening Statement of Counsel—When Ground for Dismissal. A judgment for defendant on the merits, based upon the plaintiff's opening statement to the jury, is justified only when facts are admitted from which it affirmatively appears that there is no cause of action or that there is a complete defense, and the omission to state a case fully is not ground for such a judgment.

Appeal—Review—Findings on Conflicting Evidence. A judgment in an action for personal injuries, tried to the court without a jury, will not be reversed upon questions of fact upon which there is conflict in the evidence, where the evidence is sufficient to sustain the findings of the trial judge.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 12, 1904, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for personal injuries sustained by a stevedore while storing grain in the hold of a ship. Affirmed.

*Richard Saxe Jones,* for appellant.

*McCafferty & Kane,* for respondent.

Mount, C. J.—Action for personal injuries. Plaintiff obtained a judgment for $450 in the court below. Defendant

[1] Reported in 80 Pac. 1004.

appeals.  The cause was tried to the court without a jury.
The facts are substantially as follows: On the 14th day of
November, 1902, respondent was in the employ of appellant,
storing away grain in the hold of a steamship.  Respondent
had worked at this kind of work for several months.  He
had been employed at this job for four or five days.  It
was his duty, with other employees, to receive bags of grain
on a table, in the hold of the ship.  The bags were delivered
upon the table by means of a chute, about thirty feet long,
extending from the table to the hatchway above.  The chute
consisted of two sections.  The upper or main section was
known as the "main" chute, and the other as the "tongue"
chute.  The upper end of the main chute was attached to
the coamings of the hatch, and this chute extended down-
ward into the hold of the vessel.  The lower end of the
main chute fitted into the upper end of the tongue chute.
At this junction, the two chutes were placed upon a bar of
wood or scantling, suspended horizontally by means of ropes
attached to each end of the bar, and fastened securely to
the coamings of the hatch above.  The tongue chute ex-
tended on down to the table, on which the lower end rested.
Bags of grain, weighing from one hundred and twenty to
one hundred and thirty pounds each, were placed in the
chute from the deck of the vessel, and were slid down upon
the table in the hold, where respondent and other employees
received the bags and stored them away.  On the date named,
a bag of grain, on its way down the chute, jumped therefrom
and struck the respondent, injuring his leg.

The complaint alleged, and the court found, that the ap-
pellant was negligent in permitting the chute to become and
remain in a defective condition, after its foreman had had
notice thereof; that one end of the horizontal bar sup-
porting the main chute and tongue chute, at the junction
thereof, was lower than the other end; and it is claimed
that, by reason of this defect, the bag which injured re-
spondent was thrown from the chute.  It is also claimed that

respondent did not know of the defect, and that it was not apparent; that the duty of the foreman was to keep it in repair.

When the cause came on for trial, and after counsel for respondent had made the opening statement to the court, the appellant objected to any evidence, for the reason that the complaint failed to state a cause of action, and that the opening statement "shows that there is nothing here for the court to try." These objections were denied. This court has held that a demurrer of this kind will be treated as an attack upon the complaint after verdict, and that every reasonable intendment and legitimate inference susceptible of being drawn from the facts stated will be applied in aid of the complaint. *Prescott v. Puget Sound Bridge etc. Co.*, 31 Wash. 177, 71 Pac. 772. Tested by this rule, the complaint was sufficient. It is unnecessary to set it out here. In the case of *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642, 79 Pac. 308, in speaking to the question of the statement of counsel, we said:

"Counsel may state their case as briefly or as generally as they see fit, and it is only when such statement shows affirmatively that there is no cause of action, or that there is a full and complete defense thereto, or when it is expressly admitted that the facts stated are the only facts which the party expects or intends to prove, that the court is warranted in acting upon it."

The statement made by counsel in this case was not such as to bring it within the rule above quoted so as to warrant the court in dismissing the action. The objections were properly denied.

Upon the merits of the case, appellant argues, that respondent assumed the risk; that the evidence shows no negligence on the part of the appellant; that, if the appliances were in a defective condition, the fact was due solely to the negligence of a fellow servant; and that the injury was caused by a pure accident. All these are questions of fact

upon which there is conflict in the evidence. After a careful examination of the record, we are of the opinion that the evidence is sufficient to sustain the conclusions of the trial judge.

The judgment is therefore affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.