[No. 9479.　Department One.　July 24, 1911.]

## WALTER JAMES, *Respondent*, v. ALEXANDER PEARSON, *Appellant*.[1]

TRIAL—DISMISSAL ON OPENING STATEMENT—ADMISSIONS—MASTER AND SERVANT—INDEPENDENT CONTRACTOR. In an action for personal injuries to an employee, the opening statement of plaintiff's counsel does not admit that the negligence of a superintendent doing the work on a percentage basis was that of an independent contractor, where it was stated that it would be shown that all the men were paid by the defendant and that the superintendent was only a foreman.

MASTER AND SERVANT—RELATION—INDEPENDENT CONTRACTOR. Upon an issue as to whether one to whom was sublet the putting up of the structural iron work in a building was a foreman or an independent contractor, the defendant's power of control governs; and a finding that he was a foreman is warranted, where it appears that defendant was to pay the men and furnished the appliances, and would have suffered any loss in case the work cost over eight dollars per ton, and that the defendant was to pay such person for superintendence on a percentage basis, viz., the difference between the actual cost of the work and eight dollars per ton in case the cost was less than that sum.

SAME—TRIAL—INSTRUCTIONS. Upon an issue as to whether negligence causing injury to an employee was that of a foreman or of an independent contractor, an instruction submitting the issue as to who employed and paid the men and had control of the work, is not erroneous as not properly defining an independent contractor, where another instruction properly defined an independent contractor.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 2, 1910, upon the

[1]Reported in 116 Pac. 852.

verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee engaged in the construction of a building.    Affirmed.

*Arthur C. Dresbach,* for appellant.

*Owens & Finck* and *Reynolds, Ballinger & Hutson,* for respondent.

MOUNT, J.—The plaintiff brought this action to recover for personal injuries, resulting to him by reason of the breaking of a defective rope which was used on a derrick for the purpose of hoisting structural iron upon a building which was being constructed.    Plaintiff recovered a judgment in the court below.    The defendant appeals.

The principal defense interposed was that the plaintiff was employed by one Norman, who was an independent contractor, and the defendant was, therefore, not liable for his negligence. It appears that the defendant was the general contractor for the construction of the building, and had authority to sublet certain portions of the work.    He claimed that he sublet a contract to one H. Norman, to place certain structural iron in the building at the agreed price of eight dollars per ton, and that he had no control over Mr. Norman or over the men whom Mr. Norman employed to do the work.    The plaintiff, on the other hand, claimed that Norman was merely foreman, employed by the defendant upon the work, and that his pay was fixed by agreement at the difference between the cost of doing the work and eight dollars per ton; that the defendant furnished certain tools and appliances and paid the men for the work and had general control over the men and the work.    Mr. Norman testified in reference to these facts as follows:

"A.    Well, in securing the work from Mr. Pearson he told me he had a man previous, that he paid him six dollars a day and he walked around with his good clothes on and he had not done any work, and he employed a man under him who managed the men..    And he would not give me that kind

of a lay out; and I was to work on a percentage basis, or a kind of a contract, and I would guarantee that the work would not cost Mr. Pearson only a certain price per ton. Q. Was the work done under Mr. Pearson's supervision? A. Mr. Pearson was not on the job. Q. I mean the superintendent under him. A. I stated Mr. Pearson's superintendent instructed me where to start at and where to quit and when to quit, and if he wanted any extra work done he would instruct me where to do it and when to do it; but so far as directing the men, he would always come to me. . . . Q. Whose derrick was used in the lifting of this iron? A. That must have been Mr. Pearson's derrick. It was on the building floor up there. Q. It was there when you went there? A. Yes, sir. . . . Q. Whose rope was it that broke? . . . State whose rope it was. A. It must have been Mr. Pearson's rope. It was in the warehouse there and I and one man went down and got the rope and placed it on the derrick. Q. Got it out of Mr. Pearson's warehouse? A. Yes, sir; out of his tool house. . . . Q. You had several men— A. I employed the men and I told them who would pay them and where they would get their money. Q. What did you tell them about that? A. I told them that Mr. Pearson would pay it. Q. Was that in your agreement that Mr. Pearson was to pay the men? A. Yes, sir. . . . Q. Suppose that there was a loss would have occurred there, who would have borne that loss? A. The general contractor, Mr. Pearson himself. . . . If I exceeded that contract price, that is, if I exceeded the amount in labor of the 187 or whatever tonnage it was at eight dollars a ton, if I did not go ahead and furnish the funds to complete this work, I would simply quit and Mr. Pearson would finish and I would receive nothing for what time I would have labored; that would be the outcome of the whole thing."

Mr. Pearson denied this, and testified, in substance, that Mr. Norman was an independent contractor.

The appellant argues that the court should have dismissed the action upon defendant's motion upon the opening statement of counsel, for the reason that such statement conceded that Mr. Norman was an independent contractor and liable for the damages; and also upon defendant's motion made at the close of the evidence, for the reason that the proof

showed that Mr. Norman was an independent contractor. We think the court did not err in denying these motions. While counsel for plaintiff stated in opening his case that the defendant "made an agreement with Mr. Norman that, instead of paying him six dollars a day as he had paid Mr. Sandusky, that he would pay him so much per ton in accordance with the number of tons of structural iron so put up, and so Mr. Norman agreed to that;" he also stated: "We will show . . . that all the men were paid by Mr. Pearson, and that Mr. Norman acted as foreman, and that the contract with reference to payment was merely the manner of paying him; paying him in accordance with the amount of work he should do instead of paying him so much per day." It is, therefore, clear that it was not admitted that Mr. Norman was an independent contractor. The contrary was claimed.

It is also plain from the testimony of Mr. Norman set out above that the question of fact, whether he was an independent contractor, was very seriously disputed. Counsel for appellant cites *Larson v. American Bridge Co.*, 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904, and *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089, 1 L. R. A. (N. S.) 283, to the effect that the test which determines the relation of independent contractor is the right to exercise the power of control. There was clearly enough in this case to meet that test, and to show the complete right of the defendant to control the manner and methods of doing the work and of employing, discharging, and paying the men.

The trial court gave the following instruction:

"In passing upon the question of whether he was an independent contractor the question to be determined in this case is whether the men retained by Mr. Norman for this job were in this employ or in the employ of the defendant. If you find from the evidence that Mr. Norman was to get so much per thousand feet of iron installed by him on the floors of this building under the agreement between him and

Mr. Pearson, but that it was provided under the agreement that the men employed to do this work should be paid by the defendant out of the money which would otherwise become due to Mr. Norman upon completion of the work, then the plaintiff in this case was an employee of the defendant and not of Mr. Norman. In order that you may understand more clearly, I say, if you find from the evidence that Mr. Pearson said to Mr. Norman, 'You go ahead and do this work, get the men necessary for the purpose, let me know the amount of wages of those men and I will pay it and I will deduct it out of what is coming to you at the end of the job, under the agreement to pay you so much per thousand pounds of iron,' if you find that to be the fact from the evidence, then you would find that Mr. Norman was not an independent contractor, but a foreman for whose negligence the defendant would be responsible. I think I will submit the case to you, gentlemen, upon that one question of fact, under evidence before you. If you find under all of the evidence in this case that it was the agreement between Pearson and Norman that Mr. Norman was to get these men but they were to be paid by Mr. Pearson out of what would be coming to Mr. Norman on the completion of his job, then, if Mr. Norman was negligent in the matter of supplying these guy ropes, Mr. Pearson was negligent and if your verdict would be against Norman—if your verdict in any event could have been against Norman, your verdict would be against Pearson in this case. Unless you find from the evidence that it was the agreement between Norman and Pearson that Pearson was to pay the men employed by Norman in the prosecution of this work out of the money that would be due to Norman upon the completion of the work, then your verdict must be for the defendant. As I regard the case under the evidence and the law, it is necessary for you to determine that one question of fact and your verdict will be for plaintiff or defendant as you determine it, provided a recovery is not precluded by some of the other defenses invoked."

Appellant argues that this instruction is erroneous, for the reason that it does not properly define an independent contractor. It clearly does not, when taken alone. The

court, however, had already instructed the jury upon that subject, as follows:

"If you find from the evidence, gentlemen, that under the agreement between Pearson and Norman the apparatus necessary for use in the installment of this iron was to be furnished by Norman and the work and labor in connection therewith was to be furnished by Mr. Norman, that Mr. Norman had control and direction over the men at work on the job through his employment, and that the only connection of the defendant with the matter was the right to inspect and see whether the work was being done in accordance with the plans and specifications of the building, in such event, Mr. Norman would be an independent contractor for whose negligence the defendant could not be held responsible. And if you find such a situation from the evidence with regard to the relation between Mr. Norman and Mr. Pearson, your verdict would be for the defendant."

The court then, after referring to the fact that there was a dispute in the evidence as to who employed and paid the men, and who had control of the work, and that this was the question to be determined, gave the instruction complained of. The purpose of the instruction was not to define an independent contractor, for that had already been done; but was to submit to the jury the question, who employed and controlled the men, and who was responsible for their pay; for that was the main question in dispute in the case. We are of the opinion that the instructions, when read as a whole, do not misstate the law.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.