[No. 14305.  Department One.  December 13, 1917.]

CHARLES FRISELL, *Appellant*, v. F. H. SURRY *et al.*, *Respondents.*[1]

TRIAL—OPENING STATEMENT OF COUNSEL—WHEN GROUND FOR DISMISSAL. A judgment for defendant on the merits, based upon the plaintiff's opening statement to the jury, is justified only when facts are admitted from which it affirmatively appears that there is no cause of action or that there is a complete defense, and the omission to state a case fully is not ground for such a judgment.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 26, 1917, dismissing, upon the opening statement of counsel, an action for wrongful death, upon a trial before the court and a jury.  Reversed.

*Saunders & Nelson*, for appellant.

*Kerr & McCord, C. S. Goshert, John F. Murphy, F. J. Carver, Myers & Johnstone, McClure & McClure, Spence & Denham, Louis Henry Legg, Roberts, Wilson & Skeel, H. T. Granger*, and *Edward H. Chavelle*, for respondents.

WEBSTER, J.—This is an appeal from the judgment of the lower court dismissing the action brought by the plaintiff, after having sustained defendants' motion therefor made subsequent to the empaneling of a jury and at the conclusion of the opening statement of plaintiff's counsel, upon the ground that the opening statement did not state facts sufficient to constitute a cause of action.

[1]Reported in 169 Pac. 317.

The measure of the court's right to withdraw a case from the jury and direct judgment for the defendant, upon the opening statement of counsel for the plaintiff, has been clearly defined by this court. In *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642, 79 Pac. 308, Judge Rudkin, with his usual clarity of diction and brevity of expression, said:

"Counsel stated too little, not too much. The court directed a judgment, not because the appellant was admitted out of court, but because the opening statement did not state facts sufficient to constitute a cause of action. Counsel may state their case as briefly or as generally as they see fit, and it is only when such statement shows affirmatively that there is no cause of action, or that there is a full and complete defense thereto, or when it is expressly admitted that the facts stated are the only facts which the party expects or intends to prove, that the court is warranted in acting upon it. The opening statement now before the court contained no admissions which would constitute a defense or defeat the action, and the omission of counsel to state the case more fully is no justification for the action of the court below in withdrawing the case from the jury."

This principle was applied and expressly approved in *Brooks v. McCabe & Hamilton*, 39 Wash. 62, 80 Pac. 1004. See, also, *James v. Pearson*, 64 Wash. 263, 116 Pac. 852.

The rule is so well settled that it requires no elaboration. It means simply what it says, that the opening statement must either include matter which constitutes a complete defense to the action, or must affirmatively and expressly exclude matter essential to the plaintiff's right of recovery, before the trial court is warranted in entering judgment thereon. Where counsel merely outlines his case, leaving the details to be supplied by the testimony, judgment should not be entered upon the ground that no case is stated.

This action was brought by the appellant against respondents to recover damages for the death of his minor son, caused by the wrongful act of one of the defendants while in the alleged employment of the respondents, who are sought

to be held under the rule of *respondeat superior*. In his opening statement to the jury, counsel for plaintiff stated that the proof of the contracts of employment between respondents and the defendant rested in parol, and that he was unable to state the terms of the agreements, but that testimony would be introduced upon the trial in support of all the allegations of the complaint. The plaintiff's right of recovery necessarily depended in a large measure upon the relationship existing between respondents and the defendant who was not served, whose act resulted in the death of plaintiff's son. This he had the right to show in the usual and ordinary course, and the plaintiff should not be denied the privilege of proving his case simply because his counsel was unable to state facts which were peculiarly within the knowledge of respondents. Nothing was stated that showed affirmatively that the plaintiff had no cause of action, or which established a complete defense thereto, nor was it expressly admitted that the facts stated were the only ones which plaintiff expected or intended to prove. Upon the contrary, counsel stated he would introduce testimony in support of each and every allegation of his complaint. In the absence of such statement, however, the case would fall within the rule of *Redding v. Puget Sound Iron & Steel Works, supra*, where counsel stated "too little, not too much."

The court should proceed with caution in entering judgment upon the opening statement of counsel, and unless the case comes within the rule hereinbefore stated, the plaintiff should not be deprived of the right to submit his evidence.

For the reasons indicated, the judgment is reversed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.