[No. 17134. Department Two. June 26, 1922.]

## D. A. CARTER, *Appellant*, v. KING COUNTY, *Respondent*.[1]

TRIAL (6)—DIRECTION OF VERDICT—OPENING STATEMENT OF COUNSEL. Judgment may be directed on the opening statement of counsel where it affirmatively appears that there is no cause of action or a complete defense.

COUNTIES (59)—LIABILITIES—TORTS—ACTS OF DEPUTY SHERIFF. A deputy sheriff employed by the sheriff to drive his car and paid by the county is not a servant of the county, in view of Rem. Comp. Stat., § 4160, vesting control of his deputies in the sheriff.

Appeal from a judgment of the superior court for King county, Hill, J., entered June 3, 1921, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action in tort. Affirmed.

*Lundin & Barto*, for appellant.

*Malcolm Douglas, Howard A. Hanson*, and *Wm. Parmerlee*, for respondent.

HOLCOMB, J.—This action was to recover damages sustained by appellant while driving his automobile on the streets of Seattle. The damages complained of were sustained when a Packard automobile, alleged to be owned by respondent, King county, and driven by one Asa Lee, alleged to have been a servant or agent of King county, collided with appellant's car. The

[1]Reported in 208 Pac. 5.

complaint alleged that the car was in the control of Lee, who was in the employ of King county, and that it was driven and operated by Lee as a servant and agent of King county, and that, at the time, Lee was transporting a deputy sheriff of King county.

When the case came on to be tried before a jury, counsel for appellant made their opening statement, and, among other things, being challenged by counsel for respondent to state whose agent Lee was, stated that Lee was employed by the sheriff for the purpose of driving the cars assigned to the sheriff which belonged to the county; that he was paid by the county; that he was also a deputy sheriff; that the sheriff would testify that he employed Lee as a mechanic and automobile driver for the purpose of driving the sheriff's car.

Thereupon counsel for respondent moved the court to direct a judgment in favor of the defendant on the opening statement of counsel for plaintiff, for the reason that it was apparent from the opening statement that the person alleged to have been driving the car was not an employee, servant or agent of the county, but was an employee, servant or agent of the sheriff. The court sustained the motion and directed a verdict and judgment for respondent.

The errors complained of are in sustaining the motion that a directed verdict be granted on the opening statement of counsel for appellant, and that the court erred in directing judgment of dismissal in favor of the respondent and against the appellant.

We have held that judgment may be directed on the opening statement of counsel for a party. *Redding v. Puget Sound Iron & Steel Works,* 36 Wash. 642, 79 Pac. 308; *Brooks v. McCabe & Hamilton,* 39 Wash. 62, 80 Pac. 1004; *James v. Pearson,* 64 Wash. 263, 116 Pac. 852, and *Frisell v. Surry,* 99 Wash. 201, 169 Pac. 317.

In the last case cited, where a judgment of dismissal upon the opening statement of counsel was reversed, we said:

"The rule is so well settled that it requires no elaboration. It means simply what it says, that the opening statement must either include matter which constitutes a complete defense to the action, or must affirmatively and expressly exclude matter essential to the plaintiff's right of recovery, before the trial court is warranted in entering judgment thereon."

And it was held that a judgment for defendant on the merits, based upon plaintiff's opening statement to the jury, was justified only when facts are admitted from which it positively appears that there is no cause of action or that there is a complete defense, and the omission to state a case fully was not grounds for such a judgment.

The question then to be determined here is whether counsel, in his opening statement, made such admissions as would make it affirmatively appear that there was no cause of action or that there was a complete defense. That depends upon whether or not the admission made by counsel shows that the driver alleged to have caused the accident was not the agent or servant of the county, but was the agent or servant of another. The distinct admission was made that the sheriff would testify that he (the sheriff) employed Lee as mechanic and automobile driver for the purpose of driving the sheriff's car.

It is sought to hold the county on the doctrine of *respondeat superior*. This can only be done if the county had the power to hire, control and discharge the driver involved in the injury. The declaration of counsel in the opening statement was that the driver was employed by the sheriff as a mechanic and auto-

mobile driver for the purpose of driving the sheriff's car, and that he was also a deputy sheriff.

Deputy sheriffs can only be appointed by virtue of § 4160, Rem. Compiled Statutes. Their control is solely vested in the sheriff. The power of control is the test of the relation of master and servant. *Olsen v. Veness,* 105 Wash. 599, 178 Pac. 822; *Kildall v. King County, ante* p. 472, 207 Pac. 681. The driver, was, therefore, a servant and employee of the sheriff, and not of the county.

*Arishin v. King County,* 103 Wash. 176, 173 Pac. 1020, is strongly relied upon by appellant to support his contention that the doctrine of *respondeat superior* should apply to King county in this case, as in that.

In that case, while it was shown that one Buchet, then a deputy sheriff of King county, was driving the car which was responsible for the injury, it was specifically shown that it was his duty to repair cars for and drive the automobiles belonging to King county and furnished by it for the use of the sheriff, and that while engaged in the duty of taking an automobile assigned to the sheriff's office for testing and repairs, the injury occurred. It was observed in that decision that the service shown was work which could have been done by any person having the requisite skill, and the commission as deputy sheriff cast no shield or cloak over the driver; that his acts were the acts of an ordinary mechanic such as King county might have hired at the nearest garage for such duty; that the county could claim no immunity because *its* mechanic in that case was commissioned as a deputy sheriff.

Those are not the facts here. Here the driver was employed by the sheriff, according to the statement, and was responsible only to the sheriff, according to law. See *Kildall v. King County, supra.* The fact that the driver was paid by King county does not con-

stitute him a servant or agent of King county. That is a test the least conclusive. The test always is, to whom is the person in question subject as to the manner in which he shall do his work? The master is the one who can not only order the work, but also order how it shall be done. *Hardy v. Shedden Co.*, 78 Fed. 610, 24 C. C. A. 261, 37 L. R. A. 33, and notes thereto on page 38. See, also, *Kildall v. King County, supra.*

We are of the opinion, therefore, that the trial court was right in sustaining the motion for a directed verdict and judgment upon the opening statement of counsel for appellant.

Judgment affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.