[No. 26097. Department One. November 30, 1936.]

CHARADA INVESTMENT COMPANY, *Appellant*, v. TRINITY UNIVERSAL INSURANCE COMPANY, *Respondent*.[1]

[1]Reported in 62 P. (2d) 722.

*Guy E. Kelly,* for appellant.

*Whittemore & Truscott* and *Harold A. Seering,* for respondent.

MILLARD, C. J.—This action was instituted for the reformation, and recovery thereon as so reformed, of a burglary insurance policy on a safe and its contents. Its demurrer was overruled, whereupon defendant answered and the cause proceeded to trial. The trial court, sitting without a jury, entered a judgment of dismissal with prejudice, following the sustaining of a challenge to the sufficiency of plaintiff's attorney's opening statement and demurrer thereto. Plaintiff appealed.

Appellant, a domestic corporation, conducted a public market in which it leased space to several persons who operated stores therein. Appellant kept a safe in which were sixteen compartments, some of which were used by appellant's tenants for the safekeeping of their cash and other valuable property.

According to the complaint, respondent's agent visited appellant's place of business and was fully advised that a policy of insurance was desired which would protect valuables in the safe during all times, and particularly during business hours when the safe doors would remain open. The agent agreed to furnish such a policy. Thereafter, on January 19, 1934, respondent issued, and by its agent delivered to appellant, a burglary insurance policy which appellant believed and respondent's agent described and represented to appellant contained the protection promised. Appellant paid the premium charged, and on or about March 22, 1934, respondent caused to be attached to the policy a special indorsement reading as follows:

"It is hereby understood and agreed that this policy covers property of others as covered under Item 14

while the said property of others is held by the assured for safekeeping; subject, nevertheless, to the limitations and conditions of the policy.''

On or about June 27, 1934, appellant's safe was burglarized by actual force and violence and by the use of tools leaving visible marks thereof, and money and other property were stolen. The property so taken belonged to one of appellant's tenants, who assigned his cause of action against respondent to appellant. The prayer of the complaint asks that the policy be reformed so as to conform to the intent of the parties and that it be decreed that the policy cover all loss by burglary from any compartment within appellant's safe when the compartment burglarized was locked at the time and regardless of whether the outer door of the safe is locked or unlocked. A demurrer to the amended complaint was overruled.

Respondent answered, admitting the issuance and acceptance of the policy of insurance and the payment of the premium, but denied generally the remainder of the material allegations.

When the cause came on for trial, appellant's attorney made an opening statement in which he said that the president of appellant examined the policy a few weeks after its delivery and, not being satisfied that it covered the property of the tenants, secured the indorsement described in the complaint. On the morning of June 27, 1934, after the outside doors of the safe had been opened in the usual and lawful manner by an authorized employee of appellant, the compartment in the safe used by one of appellant's tenants was broken open by force and violence and burglarized, and cash and property to the value of $422.05 stolen therefrom.

A great deal of the opening statement is argument on the meaning of the terms of the policy as written,

it being contended that the loss suffered by the burglary was within the provisions of the policy.

When appellant called its first witness, respondent's attorney inquired of appellant's attorney:

"Are you asking reformation of this contract? If not, I would like to make an opening statement."

Appellant's attorney responded:

"I am asking reformation if necessary. I am asking for any relief due under the complaint."

Thereupon respondent's attorney said:

"I challenge the sufficiency of the opening statement, and demur, and move for judgment with prejudice, on the ground that the opening statement does not state facts sufficient to constitute a cause of action."

While in the opening statement no particular mention was made of reformation of the contract of insurance and although, following the opening statement, the discussions by the trial court and by counsel for both parties particularly related to the meaning of the written terms in the policy, yet, near the close of the arguments, the following was said by the court and appellant's attorney:

"The Court: The only question is whether this policy contemplates whether the safe should be locked when burglarized. Appellant's Attorney: It was agreed between the parties to cover the safe in the method by which it was used, it was understood by Mr. Gemberling that the door would be open during the day and closed at night. This is the reason we amended the complaint. I want to make this proof. The Court: You want to say it was understood when the insurance policy was issued that it did not require that the safe itself should be burglarized? Appellant's Attorney: Yes, I want to show they covered the safe where the door was open during the daytime and the policy was written with that in view. The Court: Well, it does not. It is agreed that the policy would

cover property held by others. APPELLANT'S ATTOR-
NEY: Mr. Gemberling knew how the safe was used and
he told them it would be covered and made them this
policy. THE COURT: Subject to limitations and con-
ditions of the policy, he specially put that in. APPEL-
LANT'S ATTORNEY: Let me read this case. (Reads.)
Now here is a case where Mr. Heitman thought the
burglary was covered and protected his safe in the
manner it was used. The policy was provided intend-
ing to make that coverage and it seems to me if there
is necessity for something further to meet the minds
of the parties, it should be performed."

It patently appears from the foregoing that appel-
lant's attorney did not waive or negative the cause of
action for reformation, but rather asserted it. Yet the
trial court dismissed the cause because the policy as
written did not give the protection for which appellant
asked.

"Item 14 (a)" in the policy specifies that the
insurance is on money and securities outside or inside
any compartment of the safe. Paragraph I, under the
heading "Indemnity Agreements," provides that the
insurance company undertakes:

"To Indemnify the Assured for all loss by burglary,
of property insured hereunder, from within that part
of any safe or vault to which the insurance under this
Policy applies, occasioned by any person or persons
making felonious entry into such safe or vault by
actual force and violence of which force and violence
there shall be visible marks made upon such safe or
vault by tools, explosives, electricity, gas or other
chemicals, *while such safe* or vault *is duly closed, and
locked* by at least one combination or time lock and
located in the Assured's premises as hereinafter de-
fined, or while located elsewhere after removal there-
from by burglars."

The safe door was not opened unlawfully or in a
manner specified in the policy. Only a compartment
was feloniously broken into while the outer door of

the safe was unlocked and open. We concur in the view of the trial court that the absence of events and conditions which, according to the policy, must first occur and exist in order to obligate the insurance company to pay loss or damage, precludes recovery by appellant under the policy as written.

We can not agree with appellant that the paragraph in the policy designated as "C" creates an exception to paragraph I, *supra,* so as to cover a burglary committed while the outer door of the safe is open. So far as pertinent, paragraph "C" reads as follows:

"The Company shall not be liable (unless insurance is specifically provided in Sections (a) or (c) of Item 14 of the Declarations) for loss of property from within any safe containing a chest or compartment of any description, unless both the safe and the chest or compartment shall have been entered in the manner specified in Indemnity Paragraph I; . . ."

The last quoted provision does not require the breaking into both the safe and compartment, but this does not negative the requirement of paragraph I that the safe (as distinguished from a compartment thereof) must be burglariously opened at a time when it is duly closed and locked.

The trial court correctly concluded that the terms in the written policy would have relieved respondent of liability in the case at bar. The indorsement which was attached to the policy specifically provides that it is subject "to the limitations and conditions of the policy." However, in holding that the policy as written did not give appellant a right of action, the court only disposed of one question in the cause.

In appellant's complaint, it is prayed that the contract of insurance be reformed so that its terms will be the same as agreed upon prior to its issuance, which terms are specifically detailed in the complaint and differ materially from those in the policy. To this

portion of the complaint, respondent entered a general denial, thus creating issues entirely separate and apart from an interpretation of the terms of the policy as written. The trial court did not say, nor could it say, as a matter of law, that appellant had no right to a reformation of the contract where, as here, the decision depended upon issues of fact pleaded by appellant and denied by respondent. The motion to dismiss was based upon the opening statement.

In speaking of opening statements made by counsel, it is said in Vol. 2 of Bancroft's Code Practice and Remedies, p. 1859:

"However, the practice of giving a judgment upon an opening statement is said to be a dangerous one, especially in a complex case in which the complaint has been tested by demurrer, and upon a motion for such a judgment the statements are liberally interpreted and are taken to be true. The admissions may not be acted upon unless they are distinct, formal, unequivocal, and deliberately made. To warrant direction of judgment it must affirmatively appear from the facts admitted that there is no cause of action or defense; it is insufficient that, because of brevity, counsel fails to state facts sufficient to support his side of the controversy, . . . "

In *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642, 79 Pac. 308, we said:

"The judgment rendered was a final judgment on the merits, and, if warranted at all, must find its support in the opening statement of counsel, and not in some defect in the complaint. The complaint alone, however deficient, would not justify or sustain a judgment on the merits such as was rendered by the court below. For this reason we will not consider or pass upon the sufficiency of the complaint, as the same may be amended after the case is remanded.

"It is unnecessary to set forth the opening statement of counsel in full. We deem it sufficient to say that the statement was most general in its character,

and fell far short of stating facts sufficient to warrant a recovery against the respondent. Nothing was stated affirmatively, however, that would constitute a defense to the action or bar a recovery. When, then, is a court justified in taking a case from the jury and directing a judgment on the opening statement of counsel? That a party to an action is bound by admissions made by his attorney in the opening statement of his case, or at any stage of the trial, and that the court may act upon such admissions and direct a judgment in accordance therewith in a proper case is not disputed or denied. This is all that was decided in *Lindley v. Atchison etc. R. Co.*, 47 Kan. 432, 28 Pac. 201, and *Johnson v. Spokane,* 29 Wash. 730, 70 Pac. 122. In neither case was the opening statement upon which the trial court acted brought before the appellate court. *Oscanyan v. Arms Co.*, 103 U. S. 261, was an action on contract. It appeared from the opening statement of counsel that the contract in suit was against public policy and void, and the supreme court of the United States held that upon such a statement the circuit court properly directed a verdict for the defendant. So, in any case, if it affirmatively appears from the opening statement of counsel that the contract in suit is void, or if facts are admitted which constitute a full and complete defense to the action, it would be idle for the court to proceed further with the trial.

"But such is not the case here. Counsel stated too little, not too much. The court directed a judgment, not because the appellant was admitted out of court, but because the opening statement did not state facts sufficient to constitute a cause of action. Counsel may state their case as briefly or as generally as they see fit, and it is only when such statement shows affirmatively that there is no cause of action, or that there is a full and complete defense thereto, or when it is expressly admitted that the facts stated are the only facts which the party expects or intends to prove, that the court is warranted in acting upon it. The opening statement now before the court contained no admissions which would constitute a defense or defeat the action, and the omission of counsel to state the case

more fully is no justification for the action of the court below in withdrawing the case from the jury.''

In *Carter v. King County,* 120 Wash. 536, 208 Pac. 5, is the following from *Frisell v. Surry,* 99 Wash. 201, 169 Pac. 317:

" 'The rule is so well settled that it requires no elaboration. It means simply what it says, that the opening statement must either include matter which constitutes a complete defense to the action, or must affirmatively and expressly exclude matter essential to the plaintiff's right of recovery, before the trial court is warranted in entering judgment thereon.' "

Following this quotation, we said:

"And it was held that a judgment for defendant on the merits, based upon plaintiff's opening statement to the jury, was justified only when facts are admitted from which it positively appears there is no cause of action or that there is a complete defense, and the omission to state a case fully was not grounds for such a judgment."

The judgment is reversed, and the cause remanded with direction to grant a new trial.

MITCHELL, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.