[No. 26456. Department One. December 14, 1936.]

MUSETTE COLE HAYDEN, *Appellant*, v. C. ARTHUR FOSS *et al., Respondents.*[1]

[1] Reported in 62 P. (2d) 1344.

*Thos. H. Maguire,* for appellant.
*John S. Robinson,* for respondents.

MAIN, J.—This action is based upon a written contract and is for a money judgment. The defendants denied liability and pleaded an affirmative defense. The cause came on for trial before the court without a jury. At the conclusion of the opening statement of the plaintiff, the defendant moved "to dismiss this case on the plaintiff's opening statement." After argument, the motion was sustained, and from the judgment dismissing the action, the plaintiff appeals.

The Northern Pacific Railway Company, being the owner of a dock in the city of Seattle, known as pier 5, on or about October 25, 1927, leased the same to the J. C. Hayden Dock Company, a corporation, for a period of ten years. By the provisions of the lease, the term thereof would expire October 25, 1937. This lease, among other things, contained the provision that:

"In case the Lessee shall fail to pay the rental herein reserved within ten days after the same shall become due . . . , the Railway Company shall have the right at its option to cancel this lease and immediately re-enter and take full possession of the leased premises without notice. . . ."

Subsequently, there was added to the lease this provision:

"The Railway Company may, at its option, terminate this lease at any time upon six months' written notice. . . ."

From these quotations, it will be observed that, in one, there is a provision for terminating the lease for failure to pay the rent as there specified, and, in the other, an option to terminate upon six months' written notice.

January 3, 1930, the appellant, who was the executrix and sole legatee under the last will and testament of J. C. Hayden and the owner of all of the capital stock of the J. C. Hayden Dock Company, entered into a written contract with the respondents whereby they agreed to purchase all of the capital stock of the corporation. This contract contained a provision that the respondents in this action would cause the dock company to pay to the appellant,

" . . . or themselves pay in case the Dock Company does not, the sum of $300.00 per month during the term of the lease of Pier 5, provided that this obligation shall cease upon the termination of said lease by reason of any of the terms thereof, except by reason of default in the payment of rent or breach of conditions thereof, brought about or induced by the second parties [respondents], . . ."

From this quotation, it will be observed that, if the lease was terminated by reason of default in payment of rent, the respondents obligated themselves to make the payment of three hundred dollars per month, as specified.

November 15, 1932, the Northern Pacific Railway Company served notice upon the J. C. Hayden Dock Company, of which the respondents owned the capital stock, that the lease

" . . . will, under the option reserved to said Railway Company in said supplemental agreement of December 15, 1928, be terminated May 15, 1933, the same being six (6) months from the date of deposit of this letter in the United States Mails."

From this, it appears that the notice purported to be given under the six months' option provision of the lease.

The appellant's opening statement, upon which the judgment of dismissal was entered, in effect, made an offer of proof that (a) the Northern Pacific Railway Company did not at the time desire to use the property itself for any other purpose; (b) that the reason for the giving of the notice of termination was that the rent was in default; (c) that, by giving notice under the six months' provision, there would thereby be an opportunity for the respondents, within that period, to pay up the back rent and go ahead with the tenancy; and (d) that one of the respondents knew that this was the reason for the termination before the notice was served, and acquiesced in the form of the notice.

A motion for judgment on the opening statement will never be sustained, unless it appears that it was deliberately made and the statement affirmatively shows that the plaintiff has no cause of action, or that there is a complete defense thereto. *Frisell v. Surry,* 99 Wash. 201, 169 Pac. 317; *Charada Inv. Co. v. Trinity Universal Ins. Co., ante* p. 325, 62 P. (2d) 722.

It may be admitted that the notice given operated to legally terminate the lease at the end of the six months' period; but this is not the controlling factor. The appellant was entitled to recover upon the contract if the lease was terminated by reason of default in the payment of rent, and this was a question of fact to be determined from all proper evidence that might be offered. She was not a party to the notice given by the Northern Pacific Railway Company, and is not bound by it. The notice, in itself, was evidence to be considered in determining whether the real reason for the termination was the failure to pay rent or the de-

sire of the railway company to terminate under the six months' provision. That notice was to be considered and weighed in connection with all the other evidence, relevant and material. The appellant had the right to present evidence in support of her offer of proof.

The opening statement in this case, while deliberately made, did not show affirmatively that the appellant had no cause of action, or that there was a complete defense thereto.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

MILLARD, C. J., BLAKE, STEINERT, and GERAGHTY, JJ., concur.

[1]Reported in 62 P. (2d) 1336.