[No. 30535. *En Banc.* October 8, 1948.]

ANDREW STRMICH, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 198 P. (2d) 181.

*Walthew & Gershon,* for appellant.

*The Attorney General* and *Theodore M. Ryan, Assistant,* for respondent Department of Labor and Industries.

*Wright, Innis, Simon & Todd,* for respondent Nettleton Timber Company.

HILL, J.—The appellant sustained a back injury on March 2, 1942, while working at the intervener-respondent's mill. His claim was closed July 30, 1942, with time loss and an award of four hundred eighty dollars for a permanent partial disability. On December 15, 1942, appellant applied for a reopening of his claim, which was denied by the department of labor and industries. That denial was appealed to the superior court, and, after a trial there, a jury determined (directed verdict) that there had been no aggravation between July 30, 1942, and December 15, 1942. No appeal was taken from the judgment of dismissal which was entered upon that verdict on October 13, 1945.

A second application for reopening the claim alleging an aggravation was dated December 17, 1945, and was accompanied by a statement by Dr. James Y. Phillips dated February 14, 1946. This application for reopening was received by the department on February 19, 1946. The supervisor of industrial insurance, finding no conclusive showing of aggravation, refused to reopen the claim; and, after a hearing before the joint board of the department, the action of the supervisor was sustained. An appeal to the superior court for King county was filed on March 24, 1947, and the certified record from the joint board was filed in the cause on June 28, 1947. After a note for the trial docket and

a demand for a jury trial had been filed, but before a trial date had been set, the intervener filed a motion to dismiss the superior court action on the record. After an examination of the record, the trial court granted the motion and dismissed the action. This appeal followed.

The appellant, with commendable brevity and clarity, states the questions involved:

"(1) In an appeal from the decision of the Department of Labor and Industries, is it proper to pass upon a motion to dismiss on the record, in advance of the case being called for trial, in the absence of any stipulation that the departmental record may be considered in ruling upon such motion?"

"(2) Even assuming the Superior Court passing upon the motion to dismiss on the record had a right to consider a departmental record not yet read into evidence, did the instant record contain sufficient evidence to create a question for the jury upon an issue of aggravation?"

The first question is a novel one so far as this court is concerned. In *Kralevich v. Department of Labor & Industries,* 23 Wn. (2d) 640, 161 P. (2d) 661, the superior court's dismissal on such a motion was upheld, but an agreement between the parties had invited the ruling by the trial court; and there is no such agreement in the present case.

█ It is within the province of a trial court to direct a dismissal where a want of sufficiency in the evidence is apparent after that part of the record on which the claimant predicates an appeal from the joint board has been read before the jury. *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) 37; *Larson v. Department of Labor & Industries,* 24 Wn. (2d) 461, 166 P. (2d) 159.

█ A nonsuit or dismissal may be directed by the trial court when the opening statements of counsel expressly admit that the facts stated are the only facts which the party expects or intends to prove, and those facts clearly show that there is no cause of action. *Redding v. Puget Sound Iron & Steel Works,* 36 Wash. 642, 79 Pac. 308; *Frisell v. Surry,* 99 Wash. 201, 169 Pac. 317; *Carter v. King County,*

120 Wash. 536, 208 Pac. 5; *Charada Inv. Co. v. Trinity Universal Ins. Co.,* 188 Wash. 325, 62 P. (2d) 722; *Hayden v. Foss,* 188 Wash. 546, 62 P. (2d) 1344; see 83 A. L. R. 221, annotation. The reason for the rule is that it would be a waste of time to hear evidence which could not benefit the party offering it, and the continuation of litigation would be idle since, in law, the plaintiff has no cause of action.

The only evidence which could be introduced in the trial court was the record of the proceedings before the joint board. Rem. Rev. Stat. (Sup.), § 7697-2 [P.P.C. § 704-3]; *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640. If, by reason of the fact that there was not sufficient evidence to take the case to the jury, a dismissal must necessarily follow after the record has been read to the jury, it should be proper for the trial court to determine whether there is sufficient evidence for that purpose upon a motion to dismiss on the record; and the right of the trial court in this case to pass upon the motion must be sustained. We are endeavoring by pretrial procedure and in divers other ways to expedite litigation and avoid the law's delays. It would entail needless delay and expense to hold that a jury must be impaneled and an opening statement made, or the record in such a case read to the jury, before the trial court could pass upon a question which could be determined at any time after the filing in the cause of the certified record of the proceedings before the joint board.

We pass now to the second question posed by the appellant. Under our repeated holdings, appellant's subjective symptoms were not sufficient to establish that there had been an aggravation of his disability, attributable to the original injury, between December 15, 1942, the date as to which it had been determined there was no aggravation, and the date of the second petition for reopening because of aggravation. *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P. (2d) 32; *Kralevich v. Department of Labor & Industries, supra; Karlson v. Department of Labor & Industries,* 26 Wn. (2d) 310, 173 P. (2d) 1001.

The facts that there had been aggravation between those dates and that the aggravation was attributable to the original injury, must be established by expert medical testimony. *Knowles v. Department of Labor & Industries,* 28 Wn. (2d) 970, 184 P. (2d) 591; *Weinheimer v. Department of Labor & Industries,* 8 Wn. (2d) 14, 111 P. (2d) 221. In the case last cited, it was said, "In cases of this kind, the actual facts must be determined from the testimony of the medical witnesses." See, also, *Tonkovich v. Department of Labor & Industries, ante* p. 220, 195 P. (2d) 638, and cases there cited.

Two doctors called by the department testified positively that there had been no aggravation of appellant's condition attributable to his injury on March 2, 1942, between their examinations made on January 6, 1943, in connection with his former petition for reopening, and their examinations made on April 26, 1946, in connection with the present petition for reopening.

The only other doctor to testify was Dr. James Y. Phillips, called by the appellant, who had not examined the appellant at the time of his former petition for reopening, and whose examinations were made in March and April, 1942, at the time of the original injury, and again in February, 1946. When asked by counsel for the appellant as to his findings at the time of his examination in February, 1946, Dr. Phillips replied, "He was complaining of pain, the findings were minimal."

There was no further direct examination of Dr. Phillips except to identify his signature and handwriting on a form headed "Application to Reopen Claim for Aggravation of Condition," in which, in response to the printed request for a statement on the "Present physical condition [of appellant] in detail resulting from injury," he had written, "Considerable more spasm of back muscles—pain radiating to right leg." He had also answered "Yes" to the question, "Is the present condition due to the injury for which claim was filed?" He had not answered the following material questions: "Has the condition become worse since closing of claim? . . . How? (State whether symptoms subjec-

tive or objective)." This document was admitted, without objection, as part of the departmental record.

Thereafter, on cross-examination of Dr. Phillips by the trial examiner, the following question was asked and answer given:

"Q. What is your final opinion, doctor, I mean, as to the actual facts with reference to whether there was an aggravation between the last time you saw him in March '42 and when you saw him again February '46? A. That is a long period to try to compare notes. My feeling is that his complaints of pain were as great as they were in 1942. The physical findings were those of spasm of the lumbosacral group of the back muscles. It would be hard for me to compare what I saw in 1946 as to what I saw in 1942 as to whether there was more spasm in the back muscles. I presume I was impressed by the fact he complained of a great deal of pain and held his back rather rigid."

It is clear that Dr. Phillips was not attempting to testify that there was any aggravation between December 15, 1942, and February, 1946, and that he could not, as a matter of fact, say that there was any aggravation between the date of his examination in 1942 in connection with the original injury and the date of his examination in 1946.

The appellant argues vigorously that the written statement by Dr. Phillips in the exhibit referred to, together with appellant's own testimony, is sufficient to take his case to the jury. With this contention we cannot agree. In the first place, the statement is not sufficiently explicit to meet the requirements for proving aggravation which have been laid down in the cases we have heretofore cited. Dr. Phillips treated the appellant shortly after the original injury on March 2, 1942, for a period of a few weeks, possibly into April. The appellant was examined by Drs. L. R. Edmunds and I. O. McLemore on June 23, 1942, and thereafter his disability was rated and he received four hundred eighty dollars for permanent partial disability. His claim was closed on July 30, 1942. There was nothing to indicate that Dr. Phillips was in a postition to testify as to an aggravation subsequent to July 30, 1942, to say nothing of December 15, 1942. It will be noted that he did not attempt

to answer the question as to whether appellant's condition had become worse since the closing of the claim.

■ In the second place, when a doctor testifies under oath in a hearing before the joint board as to his findings and conclusions, that testimony must be accepted as his findings and conclusions. To prove that at some prior time either his findings or his conclusions or both were different, may or may not reflect upon his credibility (even doctors may change their minds), but it does not change the testimony given. The appellant cannot prove his own case by evidence that was admissible only for purposes of impeachment, *i.e.*, by showing that the doctor had at another time made a statement more favorable to the appellant than his testimony before the joint board.

Appellant also places some reliance upon the testimony of Dr. L. H. Edmunds, one of the physicians called by the department. After comparing radiographs taken on January 6, 1943, and April 26, 1946, he testified that there was "some increase in the spur formation between the 3rd and 4th lumbar vertebrae between these two dates"; he also testified that he did not find any aggravation in appellant's condition since January 6, 1943, attributable to the injury of March 2, 1942. If there is a fundamental inconsistency between the finding and the conclusion, or the two findings, which Dr. Edmunds made, it would require competent medical testimony to make it apparent; certainly we do not profess judicial knowledge of the fact that "some increase in the spur formation between the 3rd and 4th lumbar vertebrae" necessitates the conclusion that there has been an aggravation of a disability attributable to a specific injury.

■ There being no evidence other than that of the appellant that there had been an aggravation of his disability attributable to the original injury, subsequent to December 15, 1942, there was not sufficient evidence to take his case to the jury, under the authorities cited. The answer to appellant's second question is in the negative.

The distinguished trial judge, the late Honorable James B. Kinne, was entirely correct when in his memorandum

opinion he said, ". . . it is the duty of the court to dismiss this action on the record." The judgment of dismissal is affirmed.

MALLERY, C. J., BEALS, STEINERT, ROBINSON, SIMPSON, JEFFERS, and SCHWELLENBACH, JJ., concur.

MILLARD, J. (dissenting)—I am of the view that the testimony of Dr. Phillips was sufficient to present a question of fact, for determination by a jury.

