MEEKS v. MEEKS et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. COURTS—SURROGATE'S COURT—JURISDICTION—VALIDITY OF DISPUTED DEBT—COUNTERCLAIM.

The Surrogate's Court has no jurisdiction to determine the validity of an alleged debt to a testator, pleaded by his executor and trustee as a counterclaim to a claim for income of a trust fund, where the claimant disputes the indebtedness.

2. TRIAL—EFFECT OF OPENING STATEMENT.

Where plaintiff denied a counterclaim of an alleged debt to defendant's testator, and pleaded the statute of limitations, that plaintiff's counsel in his opening stated he would rely on the proposition that the testator by his will intended to forgive the alleged debt would not preclude him from litigating the question of its existence or validity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 91, 270.]

3. COURTS—SURROGATE'S COURT—JURISDICTION—EQUITABLE RIGHTS.

Where defendant was executor and trustee under a will requiring him as trustee to pay over certain income in dispute, but he sought to establish an offset of an alleged debt due his testator, the right of action on the debt being in the executor, the right of the trustee to offset it would require an exercise of equitable jurisdiction not possessed by the Surrogate's Court, and it was error for the Supreme Court to refuse jurisdiction of the action.

Appeal from Special Term, Kings County.

Action by Catherine L. Meeks, executrix, etc., of Joseph W. Meeks, Jr., against Edwin B. Meeks, individually and as executor, etc., of Joseph W. Meeks, Sr., and others. From a judgment dismissing the complaint and declining jurisdiction (100 N. Y. Supp. 667), plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Herbert T. Ketcham (Joseph E. Owens and James M. Gray, on the brief), for appellant.

Eugene D. Hawkins (Lewis L. Delafield, on the brief), for respondents.

MILLER, J. This action is brought in the Supreme Court to compel the defendant Edwin B. Meeks to account as executor and testamentary trustee, to pay over to the plaintiff such sums as shall be found to be due, and to set aside certain decrees made on intermediate accountings in Surrogate's Court. The plaintiff's testator was the son of said defendant's testator, and was given the income for life on a certain portion of the estate bequeathed to said defendant in trust. The answer alleges, among other things, that the plaintiff's testator was indebted to said defendant's testator in the sum of $14,-399.50, that said defendant has applied portions of said income in part discharge and satisfaction of said indebtedness, and alleges that there is still due and unpaid the sum of $978.91, which is pleaded as a counterclaim. The plaintiff's reply contains a denial, and also pleads the statute of limitations. Upon the pleadings and the opening of counsel the trial court dismissed the complaint, declining to entertain jurisdiction, on the authority of Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741, affirmed 165 N. Y. 634, 59 N. E. 1119, and the question presented by this appeal is whether any special circumstances are involved in this case to take it out of the rule of that case.

It is apparent that the only issue to be litigated, save the issue of fraud and illegality respecting the intermediate decrees, is the right of the trustee to deduct the alleged indebtedness of the plaintiff's testator, from the income accruing to him. So far as this depends upon the validity of said debt, the Surrogate's Court has not jurisdiction to determine the issue. Van Valkenburg v. Lasher, 53 Hun, 594, 6 N. Y. Supp. 775, and cases cited. The respondents do not contend that the Surrogate's Court has jurisdiction to determine the validity of a disputed debt claimed to be owing the estate by the cestui que trust, but assert that the plaintiff does not seriously dispute the validity of said debt. It is true that counsel for the plaintiff, in opening, stated that he should rely upon the proposition that it was the intention of the testator by his will to forgive said alleged debt. He did not state, however, that that was his sole reliance, but, on the contrary, asserted more than once that the Surrogate's Court did not have jurisdiction to determine the issue, for the reason that the validity of said debt was disputed. It may be that said statement was

equivocal, and that counsel only intended to question the validity of the debt by the claim that the testator intended to forgive it. But the question whether the debt ever had any existence or validity is presented by the pleadings, and nothing was said by counsel in opening foreclosing him from litigating that issue. On the contrary, he then asserted and now reiterates an intention to do so.

Moreover, the defendant, as trustee, was required by the will to pay the plaintiff's testator the income in dispute. Even if the validity of the debt were not disputed, the right of action on it would be in the executor, and the right of the trustee to retain income due the cestui que trust and apply it upon a debt owing the estate by the latter, if it exist, could not be passed upon by the surrogate. The Surrogate's Court has no equitable jurisdiction, and none to pass upon the right of set-off in such a case as this. Stilwell v. Carpenter, 59 N. Y. 414. It thus appears that all the issues between the parties can be determined in one action in the Supreme Court, and that the main, if not the only, issue to be litigated, cannot be determined by the Surrogate's Court.

Under these circumstances we think the Supreme Court should have retained the cause, and the judgment dismissing the complaint should therefore be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.