PORTUGAL et al. v. OTTENS.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

TRIAL (§ 109*)—ARGUMENT OF COUNSEL—OPENING STATEMENT—DISMISSAL.

Where the complaint in an action by a tenant against the landlord alleged a breach of covenant of quiet possession by reason of a number of acts by the landlord and the payment of rent substantially in advance, and counsel in his opening statement stated in response to an inquiry from the court that the tenant did not remain in possession, a dismissal of the complaint on the ground that it appeared from the opening statement that the tenant had remained in possession during the term was not justified.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· Action by Isidor Portugal and another against Johanna H. Ottens. From a judgment dismissing the complaint on the opening of counsel and offer of proof and from an order denying a motion for reargument of the motion to dismiss the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Abraham M. Pariser, of New York City, for appellants.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent.

BIJUR, J. The record on this appeal is in such shape as renders it difficult to determine precisely on what theory the complaint was dismissed. The action is brought against the landlord for a breach of the covenant of quiet possession, and the complaint alleges that the rent for the term of the lease was paid substantially in advance. , The plaintiffs allege that they were not permitted to peaceably occupy the premises, but were annoyed and insulted, and that the landlord "otherwise interfered with the peaceable enjoyment of the premises demised." The offer of proof sets forth facts upon which the allegation of interference with the peaceable possession might well be predicated. During the colloquy between court and counsel, the court asked plaintiffs' attorney: "I would like to ask did the plaintiffs remain in possession of the premises for the full term demised by the lease," to which plaintiffs' attorney answered, "No." While the complaint contains no allegation to that effect, I cannot but assume, in view of the informality of the proceeding, that the facts so stated by counsel should be taken into consideration. Yet the learned judge below, in his opinion, says that:

"It appeared by the opening of plaintiffs' counsel that plaintiffs had remained in occupation of the premises during the entire term demised by the lease."

On the question of law, therefore, raised on this appeal, it appearing that plaintiffs claim a breach of the covenant of quiet enjoyment by reason of a number of acts of interference by the landlord as a result of which plaintiffs abandoned possession, I think that the dismissal of the complaint was not justified.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.