William L. Moore, Respondent, v. W. W. Dawson, Appellant.

Kansas City Court of Appeals.   November 9, 1925.

1.—Demurrer—On Demurrer, Reasonable Inferences Taken in Favor of Plaintiff. In determining demurrer to evidence, the facts and all reasonable inferences drawn therefrom must be taken in favor of plaintiff.

2.—Evidence—Jury Entitled to Believe Plaintiff's Testimony on Direct Examination and Reject Testimony on Cross-Examination, Though Contradictory. In suit to recover money loaned defendant jury were entitled to believe plaintiff's testimony on direct examination and reject his testimony on cross-examination, even though contradictory.

3.—Demurrer—Evidence Held to Justify Overruling Demurrer Thereto. In suit for money alleged to have been loaned defendant, which defendant claimed was an investment to be repaid when he sold a certain oil lease, held defendant's demurrer to evidence properly overruled.

4.—Instruction—Instruction Held to Submit Issue as to Whether or Not There Was a Loan Made by Plaintiff to Defendant. Where defendant claimed money alleged to have been loaned him was an investment to be repaid upon condition a certain oil lease was sold, instruction held to submit question whether or not there was a loan as against objection that it submitted entirely different issue.

5.—Money—No Loan Where Money is Not to be Paid Back in All Events. There can be no loan where money is not to be paid, back at all events, but to be repaid on certain conditions.

6.—Instruction—Instruction Erroneous in Not Submitting Defense That if Money Advanced Was Conditional There Was no Loan. An instruction that if money was advanced by plaintiff to defendant for purpose of investment and was not to be repaid him, the transaction was not a loan, held erroneous in not submitting defendant's defense that if money was advanced condi-

tionally there was no loan, as jury thereunder could have found there was a loan if money was to be repaid plaintiff regardless of whether repayment was to be absolute or conditional.

7.—Same—Instruction Erroneous as Giving Impression That Money Advanced Was Loan, Regardless of Whether Repayment Was Conditional. An instruction that if repayment of money was conditioned upon sale of lease, verdict must be for defendant unless jury further found that defendant agreed with plaintiff to repay said sum within three weeks, held erroneous as giving impression that even if payment was conditional, verdict should be for plaintiff.

8.—Same—Instructions as to Conditional Character of Repayment of Money Held Not to Submit Such Affirmative Defenses as Could Not be Raised Under a General Denial. Instructions that plaintiff could not recover if money advanced was an investment and repayment thereof conditional, held not to submit such affirmative defenses that could not be raised under a general denial.

9.—Same—Opening Statements of Counsel Held Not to Render Competent Evidence by Plaintiff That Similar Agreements With Other Parties Were Made by Defendant. In suit for money loaned, which defendant claimed was an investment and repayment conditioned upon sale of lease, held court erred in permitting plaintiff to show similar agreements were made by defendant with other parties, on ground that opening statements of counsel made such evidence admissible.

10.—Trial Practice—Issues Made up by Pleadings and Not by Opening Statements of Counsel. The issues in a lawsuit are made up by the pleadings and not by opening statements, or pleadings plus the opening statements, nor do the pleadings become enlarged or changed thereby.

11.—Same—Opening Statements Outside Issues Made by Pleadings May be Objected to, But Failure to Object Does Not Enlarge or Change Pleadings. Opening statements of counsel made outside of the issues made in the pleadings may be objected to, but failure to object does not result in pleadings being enlarged or changed.

12.—Same—Defendant Held Not to Have Waived, After Timely Objection to Introduction of Incompetent Evidence, Right to Complain Thereof Because Forced to Introduce Evidence Relative Thereto. Where, after timely objection, court allowed incompetent evidence as to similar transactions between defendant and other persons to be introduced, and defendant was forced thereby to introduce evidence in reference thereto, held defendant did not waive his right to complain of the admission of such testimony.

*Corpus Juris-Cyc. References: Money Lent, 41CJ, p. 2 n. 16; p. 9, n. 92, 94. Pleading, 31Cyc, p. 215, n. 53; p. 694, n. 72. Trial, 38Cyc, p. 1398, n. 80; p. 1475, n. 20; p. 1543, n. 67; p. 1634, n. 15; p. 1723, n. 73. Usury, 39Cyc, p. 926, n. 85. Witnesses, 40Cyc, p. 2594, n. 98.

Appeal from the Circuit Court of Holt County.—Hon. Guy B. Park, Judge.

REVERSED AND REMANDED.

*Tibbels & Bridgeman* for respondent.

*Frank Petree* for appellant.

BLAND, J.—Plaintiff recovered a verdict and judgment against the defendant in the sum of $661.76 and defendant has appealed.

The petition alleges that on December 4, 1917, plaintiff lent to the defendant the sum of $500, "which sum defendant agreed to repay to plaintiff within three weeks after said date," with interest; that although demanded of defendant, the money remained unpaid. The answer consists of a general denial.

Plaintiff testified that defendant approached him in the city of Oregon, where the parties resided, attempting to interest plaintiff in an Oklahoma oil lease to be purchased and resold at a profit. Defendant asked plaintiff if he had $500 and stated that "if you can get the money why I will either give you an interest in this lease or give you the money back within one or two weeks. For the use of the money I will give you an interest in this lease. I said, 'Well, Jack, I will get the $500 but I want it back in one or two weeks and you can give me an interest in this lease.' " Defendant stated that the lease would be sold "in one or two weeks and then he would pay it back." The money was paid to the defendant by plaintiff and in a week or two plaintiff demanded the return of it but defendant said that it was not to be returned for three weeks. After the expiration of three weeks, plaintiff again demanded the money but defendant put him off, stating that he was going to Kansas City to see some other parties who were interested in the lease from whom he would obtain the money. At one time defendant said "Well you figure up the interest and I will pay you the interest on it."

On cross-examination plaintiff testified that defendant told him that he was going to resell the lease for double the purchase price "and I was to get—when sixty per cent was sold I was to get my money back."

"Q. What about sixty per cent? A. When he sold sixty per cent of this lease . . . he said he would sell it in one or two weeks.

"Q. And he would pay your money back when he sold sixty per cent of the lease? A. Yes.

"Q. And you let him have it on those conditions? A. Yes.

"Q. That when he sold sixty per cent of the lease, he was to pay you your money back? A. Yes.

"Q. And he told you he thought he could do that in a couple of weeks? A. Yes. He promised me my money in two weeks.

"Q. That is the contract under which you let him have the money? A. He said, 'I will return it to you within two weeks.' "

Defendant's version of the conversation was that he told plaintiff that those pooling their interests in the lease, of which plaintiff was to be one, "were to receive an interest in the lease and when sixty per cent or sufficient amount of this lease had been sold, they were to have their money refunded to them." "You may get this

back in three weeks and it may be three months and you may never get it back." That he told plaintiff—

".  .  . when the lease was sold he would get his money back, and he would get his interest in the acreage."

Defendant further testified "that is the only agreement there ever was about it, and I never borrowed a cent from him in my life." On cross-examination defendant testified that he took plaintiff's check for $500 and turned it over to the trustee for the syndicate; that he told plaintiff that he would have a certain interest in the lease for the use of the money; that no part of the lease was ever sold for the reason that a well on other property close by came in dry and no one wanted the lease, that "it was a dead proposition."

Defendant makes the point that the court erred in refusing to give his demurrer to the evidence; that plaintiff pleaded one cause of action and recovered on a different one, claiming that plaintiff's testimony was "that the money was furnished to defendant to be invested in an oil lease in which plaintiff was to have an interest; that the lease was to be resold, and plaintiff's money refunded when sixty per cent of the lease was sold."

In discussing the demurrer to the evidence, the facts and all reasonable inferences that may be drawn therefrom must be taken in favor of plaintiff. There is no doubt but that plaintiff on direct examination testified to the fact that he turned over the money to defendant on condition that it be returned in two weeks and for the use of the money for that period he was to have an interest in the lease. Defendant lays stress on plaintiff's cross-examination but that testimony is susceptible of the construction that the contract was to the effect that the advancement was to be a loan, that the defendant agreed to sell sixty per cent of the lease within two weeks and return the money to plaintiff within that time. If this construction can be put upon plaintiff's testimony, then it did not show that the money was to be returned conditionally, that is, when and *if* sixty per cent of the lease was sold. Even if it can be said that there is a contradiction between plaintiff's testimony on direct examination and on cross-examination, the jury were entitled to believe his testimony on direct examination and reject the other. [Bond v. Railroad, 110 Mo. App. 131; Cravens v. Hunter, 87 Mo. App. 456; Bobbitt v. Railroad, 169 Mo. App. 424.] There is nothing in this point. This, likewise, disposes of the objection to plaintiff's instruction No. 1.

Objection is made to plaintiff's instruction No. 2, which told the jury that if plaintiff lent defendant $500, which was to be repaid when sixty per cent of the oil lease in which defendant was to invest the $500 was sold, and defendant agreed that he would sell the sixty per cent of the lease within three weeks, then the money became

due and payable at the expiration of three weeks notwithstanding defendant had not sold sixty per cent of said lease within such time.

It is insisted that the petition alleges a loan and that plaintiff's instruction No. 2 submits an entirely different issue to the jury. But it is not pointed out in what respect it submitted a different issue, and we are unable to find any other issue placed before the jury. The instruction undoubtedly submitted the question whether or not there was a loan, that is, whether defendant agreed to sell sixty per cent of the lease within three weeks and to repay the loan within that time.

The court on his own motion gave the jury the following instruction—

"The court instructs the jury that unless plaintiff has established by a preponderance of the evidence that the money paid by him to defendant was a loan, your verdict must be for the defendant, and you are instructed that if the money was paid to defendant by plaintiff for the purpose of an investment for the benefit of plaintiff, *and was not to be repaid to plaintiff,* the transaction was not a loan."

Defendant requested the instruction in this form but without the words in it that we have put in italics, but the court inserted the italicized words and then gave the instruction. It is insisted that the court erred in not giving the instruction as asked. We think the action of the court was erroneous. Defendant had the right to have the instruction given as requested. Under defendant's version of the transaction the money was to be repaid when and *if* sixty per cent of the lease was sold, and for the use of the money plaintiff was to have an interest in the lease. There can be no loan where the money is not to be paid back at all events, but the agreement is that on a certain condition it should be paid back. [Teed v. Parsons, 202 Ill. 455, 461; 39 Cyc. 926.] If the money was advanced on the condition testified to by the defendant, then plaintiff did not make a loan but an investment and defendant's instruction A should have been given, and as modified was clearly erroneous. Under the instruction as modified, the jury could well find that although the money was advanced for the purpose of an investment, if it was to be repaid to plaintiff, then it was a loan, saying nothing about whether the repayment was to be absolute or conditional. If conditional, there was certainly no loan.

Complaint is made of the refusal to give defendant's instruction No. 2 and in giving the instruction as modified by the court. The instruction as given reads as follows:

"The court instructs the jury that if you shall believe and find from the evidence that when the check for five hundred ($500) dollars, referred to in the evidence was delivered by plaintiff to defendant the repayment of the money was conditioned upon the sale

of sixty per cent of the lease referred to in the evidence, your verdict must be for the defendant, *unless you further find and believe from the evidence that defendant agreed with plaintiff to repay said sum within three weeks from the date of the check.*"

The court was requested to give the instruction without that part that we have shown in italics. He refused to give it as offered but added the part italicized. The part italicized is destructive of the part that goes before. If the repayment of the money was conditioned upon the sale of sixty per cent of the lease, then plaintiff was not entitled to recover; on the other hand, if defendant absolutely agreed with plaintiff to repay the money within three weeks from the time it was lent, then the repayment was unconditioned. Like the modification of instruction A, it does not say whether the repayment within three weeks was to be conditional or unconditional. Reading the instruction as a whole, one would get the impression that even if the payment was conditioned, the verdict should be for plaintiff. The instruction should have been given as requested.

From what we have said it is apparent that the court also erred in refusing to give defendant's instruction B, which reads as follows:

"The court instructs the jury that although you may believe and find from the evidence that defendant did make a promise to plaintiff that he would repay the money represented by the check delivered to defendant by plaintiff, yet if you shall find that the promise to repay was conditioned upon the sale of a portion of the lease referred to in the evidence, your verdict must be for the defendant."

Plaintiff insists that these instructions as requested were properly refused because they constituted affirmative defenses that could not to be raised under a general denial. There is no merit in this contention.

"Under a general denial any legal evidence is admissible which tends to show that the statements in the petition constituting the plaintiff's cause of action are not true, and to that end he may affirmatively show facts inconsistent with the plaintiff's statements tending to prove them to be false. [Turner v. Thomas, 10 Mo. App. 338; Sargent v. Railroad, 114 Mo. 348.]

"A defendant is required to plead affirmatively only matters in the nature of confession and avoidance, that is, matters which, though the statements in the petition may be true, would nevertheless defeat the action, as for example, release, payment, accord and satisfaction, etc." [Jones v. Rush, 156 Mo. 364, 371.]

It is insisted that the court erred in permitting plaintiff to show that the defendant entered into agreements with one Dunham and one Alkire in regard to this lease wherein the agreement with these

gentlemen was substantially the same as the one defendant had with plaintiff. It was shown that Dunham bought a $250 interest in the lease and that his interest was afterwards purchased by plaintiff and Alkire, and that defendant refunded the money to said purchasers of Dunham's interest. It was further shown that Alkire purchased a $500 interest in the lease and that defendant returned to him his money. At the time this evidence was introduced, the court stated that under ordinary circumstances it would have been incompetent and it is not now denied that it would have been incompetent under such circumstances, but the court admitted it because of remarks of respective counsel in their opening statements to the jury. These opening statements were not taken down and are not preserved in the record and we are only able to glean their nature from remarks of the court and counsel during the trial when objections to the evidence were made by defendant. From these remarks it appears that counsel for plaintiff stated in his opening statement to the jury that he was going to prove what he actually proved concerning Dunham and Alkire's interests, and when it came time for defendant's counsel to make his statement the latter stated that the "money had been obtained from Alkire and Dunham but that it had been returned to them because it was not invested in the proposition." In other words, defendant's counsel, it seems, stated to the jury that while Alkire and Dunham's money had been returned to them, it was returned because it had never been invested in the lease.

We think that the court erred in admitting the testimony. The issues in a lawsuit are made up by the pleadings and not by opening statements, or pleadings plus the opening statements. Of course, an admission made by any party through his attorney in an opening statement is available to the opposite party, but the opening statement of counsel is not for the purpose of defining the issues. No statement should be made outside of the issues made in the pleadings. If such statements are attempted to be made, they are improper and objections to them ought to be sustained by the court, or he may stop counsel of his own motion. The mere fact that neither counsel object, does not result in the pleadings being enlarged or changed. If such were the rule, it would be often difficult to know what were the real issues in a case. We think that under the circumstances it is clear that the testimony was inadmissible. [Davis v. Calvert, 25 Amer. Dec. (Md.), 282, 299.; Fox v. Peninsular, etc., Works, 84 Mich. 676, 680; Minchin v. Minchin, 157 Mass. 265.]

It is insisted that the defendant waived the right to complain of the introduction of this testimony because he "adopted his own theory of this case in his opening statement and he pursued that theory throughout the trial." In other words, it is claimed defendant introduced evidence tending to support the facts contained in his

opening statement. This would not constitute a waiver. Defendant was forced to follow this procedure by the action of the court in ruling upon his objections. As was stated in Baker v. St. Louis, I. M. & S. Ry. Co., 126 Mo. 143, 151—

"Counsel might properly conform to that ruling for the purposes of the trial, without thereby waiving the right to review the admission of incompetent evidence that had come in over his objection. After that evidence was before the jury, he might then combat it, or meet it, as best he might, without waiving the exception already taken."

There can be no claim that the case was tried upon the theory that the testimony was competent or within the issues because it was objected to by defendant at the first opportunity when plaintiff sought to introduce it.

The judgment is reversed and the cause remanded. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.

