EARL A. TEMPLE, APPELLANT, V. COTTON TRANSFER COMPANY ET AL., APPELLEES.

FILED MARCH 2, 1934. No. 28801.

*Harry R. Ankeny,* for appellant.

*Reed, Ramacciotti & Robinson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

EBERLY, J.

This is an action at law for damages alleged to have resulted to plaintiff by reason of personal injuries received while "lawfully riding as a passenger and guest in an automobile, the property of one E. Byron Hirst," which was by Hirst operated and driven at the time of the accident. Plaintiff alleged that the accident from which his injuries resulted was due wholly to the unlawful and negligent parking by the defendant Cotton Transfer Company and its drivers of two trucks upon the traveled portion of the highway; that due to the situation of the trucks a collision followed in which plaintiff sustained the injuries for which this suit was brought. The allegations of plaintiff's petition were denied by defendants, and contributory negligence was pleaded. Issues were made up by plaintiff's reply which was a general denial of the allegations of the answer.

The transcript of the record in the district court discloses that, after the impaneling of the jury, the following proceedings were had: "The said jury having heard the opening statements made by plaintiff's counsel on behalf of said plaintiff, thereupon the defendants move the court to discharge the jury and dismiss this cause, upon consideration whereof, the court, being fully advised in the premises, sustains said motion." Thereupon the court ordered the action dismissed.

The bill of exceptions discloses that the order of dismissal was entered on motion of the defendants, orally made, after the opening statements of plaintiff's counsel following the impaneling of the trial jury, and was in the

following terms: "At this time the defendants, and each of them, individually move the court to withdraw this case from the jury and enter judgment in favor of the defendants on the petition of plaintiff and the opening statement of counsel for the plaintiff, or in the alternative, to instruct the jury to return a verdict for defendants on said petition and opening statement."

The lawfulness and regularity of this direction of the trial court is presented here by this appeal.

Appellees seek to sustain the action taken by the contention in their brief that, "Where counsel in his opening statement to the jury fails to state a cause of action, it is within the power of the trial court to render judgment on such statement for the defendant." Further, that there was such failure in the instant case, and the judgment entered was proper.

The action of the trial court in the present case exemplifies a development in legal proceedings peculiar to American jurisprudence. The principle of procedure here involved is to be distinguished from cases involving the exercise of the inherent power of courts when their jurisdiction is invoked in transactions which may clearly be deemed *contra bonos mores* or obnoxious to public policy, such as an attempt by judicial procedure to obtain compensation for acts which the law denounces as corrupt and immoral, or declares to be criminal, such as attempts to bribe a public officer, or to evade the revenue laws, embezzle public funds, or clear, intentional, manifest, and continued abuse of judicial functions or process. In such a case it is the manifest duty of any court to take advantage of any source of information available and, on its own motion, exercise the full measure of its powers of investigation, and if it should clearly appear that for any reason suggested there could be no recovery, such court should not hesitate to so declare, and give such direction at the earliest possible moment as will dispose of the action. *Oscanyan v. Arms Co.*, 103 U. S. 261; *Ferson v. Armour & Co.*, 109 Neb. 648.

But matters of this class are not involved in the present investigation. Here we have a justiciable controversy for personal injuries sustained, wherein the plaintiff is constitutionally guaranteed an open court for any injury done him or his person, and a remedy by due course of law (Const. art. I, sec. 13) in which the right of trial by jury is inviolate (Const. art. I, sec. 6). The trial judge interposed at the conclusion of the opening statement of plaintiff's counsel to the jurors, discharged the jury, and dismissed the action. The legal sufficiency of the evidence to go to the jury, as narrated by the counsel in his opening statements, was the sole matter considered by the trial judge, and the one on which his action was based. The relief administered by him was not a direction to the jury to return a verdict, treating the opening statement as an admission of fact, but the sole order of the court in the instant case was that the action "be dismissed," plaintiff excepting.

"A dismissal in effect is equivalent of a nonsuit, and, in practice, also imports the same thing as a discontinuance, namely, that the cause is sent out of court." 18 C. J. 1145.

In justice to the action of the trial court, it may be said to be supported by ample authority evidenced by precedents in jurisdictions other than our own; though even where prevailing the practice is admittedly one that involves dangers and must be followed with extreme caution. This court, as yet, has never approved it. It is not universally recognized even in the American jurisdictions. Thus, the practice of granting a nonsuit on the opening statement by counsel for plaintiff does not prevail, and never has prevailed, in the Code state of Wisconsin. *Haley v. Western Transit Co.*, 76 Wis. 344; *Smith v. Commonwealth Ins. Co.*, 49 Wis. 322; *Fisher v. Fisher*, 5 Wis. 472.

Notwithstanding the liberality of the practice which obtains in the courts of England since the adoption of their reformed procedure, the practice here under con-

sideration is there precluded. Thus, in *Fletcher v. London & N. W. R. Co.*, 65 Law Times n. s. 605, 1 Q. B. 122, the plaintiff sued to recover damages for personal injuries sustained by him. At the trial, after plaintiff's counsel had opened the case to the jury, the presiding judge nonsuited him. On review it was held, all judges concurring: "A judge, at the trial of an action, has no power to nonsuit the plaintiff upon the opening statements of his counsel, unless his counsel consents to that course being taken." Among the reasons advanced in support of this determination were the following: "It is almost unnecessary to point out how dangerous such a course may be. Briefs of counsel do not always give all the facts of a case; sometimes there are other material facts which are not stated in the brief; sometimes the witnesses give evidence which differs from that which appears in the brief and alters the aspect of the case; sometimes upon the cross-examination of the plaintiff himself evidence is elicited which is favorable to his case. For those reasons it is very undesirable that a judge should have power to nonsuit a plaintiff upon the opening of his case." Further, "That would be a startling result in an English court of justice."

In this state the practice of the district court is governed by the provisions of our Civil Code, so far as applicable.

In the instant case the transcript discloses that an issue of fact arising in an action for the recovery of money only had been duly formed by the pleadings of the parties, and as there was no waiver by such parties shown, it was for trial by a constitutional jury. Comp. St. 1929, secs. 20-1101 to 20-1112. The course of a jury trial in the district court, after a jury has been impaneled, is prescribed by section 20-1107, Comp. St. 1929. In the present case, there being "no contrary directions" by the trial court, plaintiff's counsel, after the impaneling of the jury, exercised the rights secured to his client by the first subdivision of the Code section last referred to, viz.: "First.

The plaintiff must briefly state his claim, and may briefly state the evidence by which he expects to sustain it." It will be noted that the word "claim," as employed in the statutory provision last quoted, embraces no more than is involved in the definition of this term by Webster's New International Dictionary, viz.: "A demand of a right or supposed right; a calling on another for something due or supposed to be due; an assertion of a right or fact." It is quite different, considered both as to definition and as to context, from the term "petition," as used in our Civil Code. As to the latter the Code requirements are that a "petition" must contain: "Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." Comp. St. 1929, sec. 20-804. It is quite plain that the statutory language employed does not import into the term "claim" the statutory requirement for a good petition. And it must follow that the statutory direction to "briefly state his claim" is not to be deemed a requirement to "state a cause of action" in the technical sense of those words. And, again, permission to plaintiff's counsel to "briefly state the evidence by which he expects to sustain it (the claim)" is wholly incompatible with the thought that the entire evidence on the subject involved must be detailed to the jury at this time, and that failure so to do will furnish the basis of a denial of plaintiff's cause of action.

On the contrary, the statutory purpose indicated by the general language under consideration, it seems, requires no more, in view of the object to be attained thereby, than that counsel present to the jury the nature of the questions involved which the evidence later to be presented for their consideration will tend to establish, and advise the jurors of the issues to be determined so as to enable them to understand the case to be tried as it will be presented by the proof.

Moreover, this court is committed to the view that the power of counsel to bind his client by admissions made is

not involved at this stage of a lawsuit. "Considerable latitude must be allowed counsel at the commencement of a trial in making the opening statement in which he states the evidence by which he expects to sustain his cause of action or defense." *Yechout v. Tesnohlidek*, 97 Neb. 387. And we have expressly refused to penalize a client because the proof subsequently offered may involve a failure to sustain the "opening statement" made. *Yechout v. Tesnohlidek, supra.*

Then, too, by the terms of our Civil Code the issues to be tried in a lawsuit in the district court are ordinarily determined by the written pleadings of the parties. The making of the "opening statements," as prescribed by the Code, evinces no intention on the part of the authors of our Code that the written pleadings of the parties shall be altered or varied thereby. This conclusion as to pleadings finds ample support in the following precedents: *Lane v. Portland R., L. & P. Co.*, 58 Or. 364; *Hunter Milling Co. v. Allen*, 65 Kan. 158; *Moore v. Dawson*, 220 Mo. App. 791.

And, again, we find that our Civil Code (Comp. St. 1929, sec. 20-601) also expressly regulates the common-law powers of a court to enter a "nonsuit" at least in cases of the class now under consideration. The present controversy under the Code section last referred to is not one in which a "nonsuit" is authorized. Indeed, the closing words of this provision are, "In all other cases on the trial of the action the decision must be upon the merits," and must be deemed applicable and controlling in the instant case.

The concluding words quoted from the section just referred to obviously preclude the adoption by our court of a rule, either through judicial decision or by the exercise of its constitutional powers to promulgate rules of practice and procedure, empowering and authorizing trial courts to enter a "nonsuit" upon the conclusion of the opening statement of counsel to the jury made as provided by section 20-1107, Comp. St. 1929. This for the

reason already stated, because such rule, if adopted, would necessarily be "in conflict with laws governing such matters." Const. art. V, sec. 25. Indeed, this court has already announced the doctrine that a dismissal by a court, or entry by it of an order of nonsuit, under the circumstances of this case, is contrary to the provisions of the statute just quoted, wholly unauthorized, and erroneous. *Zittle v. Schlesinger*, 46 Neb. 844; *Thompson v. Missouri P. R. Co.*, 51 Neb. 527. Yet the practice of the entry of a nonsuit thus condemned is the practice generally followed in the disposition of questions similar to the present one in the jurisdictions from which the appellees' sustaining precedents are drawn. True, in *Zittle v. Schlesinger, supra,* the evidence of plaintiff in the district court had been regularly received, and was before this court as contained in the bill of exceptions. This court after determining that "Under our Code a trial court has no authority to enter an involuntary nonsuit and judgment of dismissal, because the plaintiff fails by his evidence to establish his cause of action," also determined that "A judgment so entered will not be reversed by this court where, on the evidence, the defendant was entitled to have a verdict directed. In that case the error is without prejudice." In *Thompson v. Missouri P. R. Co., supra,* the rule announced in the *Zittle* case was followed, but the cause was reversed for the reason that the facts were such that the defendant was not entitled to an instructed verdict, and therefore the original error committed by the trial court in the entry of the nonsuit was thereby not cured.

But these cases in no manner sustain appellees' contention. Even the cases on which they rely, which are from jurisdictions other than our own, recognize a distinction between the act of a court directing a dismissal at the close of the opening statement and the action of a court directing a verdict at the close of a party's evidence. As to the former situation, the weight of appellees' authorities (in entire absence of statute) sustain the prop-

osition, viz.: "The failure of counsel in his opening statement to recite all the material facts necessary to a recovery will not warrant the court in taking the case from the jury, and the neglect of defendant to refer to a certain defense in his opening statement will not bar the establishment of such defense on trial." 64 C. J. 239. See, also, *Jones v. Railroad Co.*, 5 Mackey (D. C.) 8; *Wheeler v. Oregon R. & N. Co.*, 16 Idaho, 375; *Berggren v. Johnson*, 105 Kan. 501; *Brashear v. Rabenstein*, 71 Kan. 455; *Goodman v. Brooklyn Hebrew Orphan Asylum*, 165 N. Y. Supp. 949; *Darton v. Interborough Rapid Transit Co.*, 110 N. Y. Supp. 171; *Stewart v. Hamilton*, 26 N. Y. Super. Ct. 672; *Portugal v. Ottens*, 147 N. Y. Supp. 933; *Fini v. Perry*, 119 Ohio St. 367; *Fiegel v. First Nat. Bank*, 90 Okla. 26; *Sullivan v. Williamson*, 21 Okla. 844; *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642; *Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.*, 108 Ill. App. 364; *Petherick v. Order of the Amaranth*, 114 Mich. 420; *Meeks v. Meeks*, 106 N. Y. Supp. 907.

In the last analysis the controlling element in the decision of the question here presented is the policy evidenced by the provisions of our Civil Code already referred to. The purpose of the opening statements of counsel is in aid of the jury. The trial judge has access to, and finds the exact issues to be tried in, the written pleadings. "Issues" are stated to the jury by counsel in opening his case only to the extent that a knowledge thereof may be deemed helpful in the consideration of the evidence subsequently to be introduced. Evidence expected to be produced is narrated only to a similar extent and for the same reason. The very form and purpose of the Code provision precludes the conclusion that completeness or technical exactness is a requirement as to performance of either duty involved or permitted in the opening statement. Remarks of counsel made in the performance of this duty may be viewed in the light of the limited purpose which calls them forth. Clients may not be penalized for failure of attorneys to conform to

requirements which the terms of the statute do not exact. It also clearly appears that these statements may not, because of the limited purpose which called them forth, be deemed "admissions" in the technical sense of that term. "Admissions by counsel, made in good faith at the trial of an action in open court for the purpose of dispensing with testimony, bind their clients. * * * But such admissions, in order to bind a client, must be distinct and formal, and made for the express purpose of dispensing with formal proof of a fact at the trial." 6 C. J. 649. See, also, *Godwin v. State,* 1 Boyce (Del.) 173; *Cable Co. v. Parantha,* 118 Ga. 913; *Preston v. Davis,* 112 Ill. App. 636; *Chown v. Lennox Furnace Co.,* 166 Ia. 1; *Treadway v. Sioux City & St. P. R. Co.,* 40 Ia. 526; *Scott v. Chambers,* 62 Mich. 532; *Sullivan v. Dunham,* 54 N. Y. Supp. 962; *Hicks v. Manufacturing Co.,* 138 N. Car. 319; *Virginia-Carolina Chemical Co. v. Knight,* 106 Va. 674.

In *Davidson v. Gifford,* 100 N. Car. 18, 23, it was held: "Merely casual, hasty, inconsiderate admissions of counsel in the course of a trial, do not bind the client; they are not intended to have such effect, nor does the nature of the relation of attorney and client produce such result. And this is so, although the client be present when such inconsiderate admissions are made. It would be rude, indecorous, disorderly and confusing, if the client should interpose to correct his counsel and disclaim his authority to make such admissions. Neither the court, counsel, nor any intelligent person expects him to do so. And for the like reason, the client, if examined as a witness, is not required to disclaim such admissions of his attorney, unless he shall be examined by the opposing party for that purpose."

The obvious conclusion of the preceding discussion, including precedents cited and considered, is that the remarks of counsel for appellant embraced in his opening statements to the trial jury in the instant case, and contained in the bill of exceptions, in view of the limited purpose for which they were required to be made, may

not be regarded as "distinct and formal, and made for the express purpose of dispensing with formal proof of a fact (or facts) at the trial," so as to constitute them "admissions" in the technical sense of that term and binding upon appellant herein.

It also follows that the action of the trial court, based upon such statements so made, whereby it entered a judgment of nonsuit and dismissed this action, was not contemplated by the terms of the statute, and was wholly unjustified by the recitals contained in the bill of exceptions filed herein; and that error was committed in the rendition of the same.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.