[No. 35348. Department One. September 8, 1960.]

DARWIN A. ELLINGTON, *Appellant*, v. MICHAEL A. FREIGANG et al., *Respondents*.[1]

[1] Reported in 355 P. (2d) 19.

*Sterbick, Manza, Moceri, Sterbick & Stubbs (George W. Christnacht*, of counsel), for appellant.

*Geer, Rickabaugh & Billett*, for respondents.

MALLERY, J.—This is a personal injury action arising out of an automobile accident occurring at approximately 7:30 a. m., on December 9, 1957.

Just previous to the accident, the plaintiff had been towing a stalled vehicle north on Bridgeport Way, a north-south thoroughfare in Pierce county just outside the city of Tacoma. The motor of the towed vehicle started as they approached the intersection of south 44th street and Bridgeport Way. The two drivers drove the cars to the edge of the road and parked where the shoulder was so narrow that only about one half of the width of the cars was off the paved or main-traveled portion of the roadway. The plaintiff got out of his car and stepped between the two cars to unfasten the tow chain. It was then that the driver of the towed vehicle, who was still behind the wheel, saw the defendant Michael A. Freigang approaching from the rear and began to pump his brake lights in order to warn him of the presence of the parked cars. The defendant Michael A. Freigang either did not see or did not heed the warning because he crashed into the towed vehicle, driving it forward into the plaintiff's car, thus pinning the plaintiff between them.

At the close of the plaintiff's opening statement at the trial, the defendants moved to dismiss the action on the ground that the statement contained an admission of a violation of RCW 46.48.290. This section provides that a person may not park any vehicle on the main-traveled portion of a public highway unless "a clear view of such stopped vehicle shall be available for a distance of three hundred feet in each direction on the highway." The defendants urged that

this violation made the plaintiff guilty of contributory negligence as a matter of law.

The trial court granted the motion and dismissed the action upon that theory. The plaintiff appeals.

■ The trial court erred in dismissing the action notwithstanding the appellant's admitted contributory negligence, because the admission did not preclude the appellant from going forward with proof of the respondent Michael A. Freigang's last clear chance to avoid the accident. Contributory negligence is not a defense to an action predicated on the doctrine of last clear chance.

■ In order for admissions in an opening statement to constitute grounds for dismissal, they must be distinct, formal, unequivocal, and deliberately made. *Charada Investment Co. v. Trinity Universal Ins. Co.*, 188 Wash. 325, 62 P. (2d) 722. Moreover, the admissions must be conclusive upon every theory of liability presented by the pleadings, which, in this case, included last clear chance.

The judgment is reversed, and the cause is remanded for a new trial.

WEAVER, C. J., HILL, FOSTER, and HUNTER, JJ., concur.

---

October 13, 1960. Petition for rehearing denied.