[No. 36288. Department Two. March 21, 1963.]

M. F. HASTINGS, as Receiver, Appellant, v. JOHN HARKOFF et al., Respondents.*

*Joseph T. Pemberton,* for appellant.

*Wright, Wendells, Froelich & Power,* for respondents.

HAMILTON, J.—This is an appeal from a judgment of dismissal based upon plaintiff's opening statement.

Plaintiff, as receiver for an insolvent corporation, instituted this action seeking to recover from defendants alleged preferential payments. Defendants claimed, *inter alia,* lien rights to such payments arising out of warehouse receipts issued by them.

*Reported in 379 P. (2d) 914.

Determination of the negotiability of the warehouse receipts is crucial. If the receipts are negotiable, defendants' lien rights are limited, and certain of the payments made to defendants may be preferential. If the receipts are nonnegotiable, defendants' lien rights are greater, and the questioned payments may not be preferential.

The warehouse receipts in question, a copy of which was before the trial court, are somewhat ambiguous. In the body of the receipts, it is stated that the produce covered thereby will be delivered to a named bank *or its order,* thus bringing them within the definition of a negotiable receipt contained in RCW 22.04.060.[1] Printed across the face of the receipts in bold-face type, however, is the term "nonnegotiable," presumably in compliance with RCW 22.04-.080.[2]

In his opening statement, counsel for plaintiff characterized the receipts as nonnegotiable. Upon the basis of such characterization, the trial court granted the defendants' motion to dismiss. Thereafter, on motion for new trial, plaintiff's counsel amended his opening statement by asserting that the receipts were negotiable, under the provisions of RCW 22.04.060, and again urged, as in his opening statement, that, in any event, the defendants, by their actions, lost or surrendered such lien rights as they were claiming.

The trial court, in denying plaintiff's motion, then held

---

[1]"A receipt in which it is stated that the goods received will be delivered to the bearer, or to the order of any person named in such receipt is a negotiable receipt.

"No provision shall be inserted in a negotiable receipt that it is nonnegotiable. Such provision, if inserted, shall be void." RCW 22-.04.060.

[2]"A nonnegotiable receipt shall have plainly placed upon its face by the warehouseman issuing it 'nonnegotiable' or 'not negotiable.' In case of the warehouseman's failure to do so, a holder of the receipt who purchased it for value, supposing it to be negotiable, may, at his option, treat such receipt as imposing upon the warehouseman the same liabilities he would have incurred had the receipt been negotiable. This section shall not apply, however, to letters, memoranda, or written acknowledgment of an informal character." RCW 22.04.080.

that, assuming plaintiff's theory of negotiability to be correct, under the circumstances presented by the form of the receipts and revealed by plaintiff's opening statement, the parties handling the receipts in fact recognized and treated the warehouse receipts as nonnegotiable.

Under the circumstances of this case, consideration being given to the relationship of the parties, the possible rights of creditors, and the events leading up to the receivership, interpretation and categorization of the warehouse receipts, at this stage of the proceedings, appear to be mixed questions of law and fact.

In *Ellington v. Freigang*, 56 Wn. (2d) 718, 720, 355 P. (2d) 19, we stated:

"In order for admissions in an opening statement to constitute grounds for dismissal, they must be distinct, formal, unequivocal, and deliberately made. *Charada Investment Co. v. Trinity Universal Ins. Co.*, 188 Wash. 325, 62 P. (2d) 722. Moreover, the admissions must be conclusive upon every theory . . . presented by the pleadings, . . ."

We have examined with care plaintiff's opening statement and such portions of the colloquy between court and counsel as appear in the record relating to the respective motions of counsel. We do not believe, as the record now stands, that the statements of plaintiff's counsel meet the foregoing test, either as to an admission that the receipts are legally nonnegotiable or as to their status by virtue of the treatment accorded them.

The judgment of dismissal is reversed, and the cause is remanded for new trial. Costs will abide the result.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

April 29, 1963. Petition for rehearing denied.