[No. 3592-1.    Division One.    December 13, 1976.]

EUGENE E. HALLUM, ET AL, *Plaintiffs*, v. CHARLES E. MULLINS, ET AL, *Appellants*, WEST & WHEELER ASSOCIATES, INC., *Respondents*.

*Steinberg & Steinberg* and *Jack Steinberg*, for appellants.

*Ziontz, Pirtle, Morisset, Ernstoff & Chestnut* and *Steven M. Chestnut*, for respondents.

ANDERSEN, J.—

FACTS OF CASE

In the trial of an action by a real estate agent seeking to recover a commission from the sellers of property, the trial court awarded the agent a judgment of $3,500 against the

sellers following the opening statement made by the sellers' attorney to the court. The sellers appeal.

Charles E. Mullins and Irene Mullins, husband and wife (sellers), desired to sell their home. They and Eugene E. Hallum and Linda L. Hallum, husband and wife (buyers), signed an earnest money receipt and agreement drawn up by a real estate sales firm, West & Wheeler Associates, Inc. (agent), whereby the sellers agreed to sell their home to the buyers and to pay a percentage of the sales price to the agent as commission.

The sellers declined to go through with the sale for a variety of reasons and the buyers commenced this action to specifically enforce the agreement. The agent filed a complaint in intervention seeking to recover its commission on the basis that, having procured ready, willing, and able buyers, it had earned its commission irrespective of whether the sales transaction was completed.

The buyers ultimately dismissed their action, and it is the agent's suit against the sellers that is the subject of this appeal.

No jury was asked and the agent's suit seeking to recover its commission from the sellers came on regularly for a trial to the court.

The trial commenced with some informality. The trial court asked a number of questions of the attorneys inquiring as to various aspects of the case and the issues presented. Respective counsel responded to the questions and argued at some length concerning the merits of the case and also gave short opening statements. Such proceedings covered a span of approximately 3½ hours on 2 consecutive days.

Toward the end of this presentation and before witnesses were called, the trial court ruled that the written earnest money receipt and agreement "was a valid, enforceable contract" and that "the only question is whether or not there is any defense of fraud that could be raised . . ." In response to the trial court's suggestion that he make an offer of proof on the fraud issue, counsel for the sellers

briefly outlined what the sellers' case would show in this regard. The court thereupon ruled that the agent would recover judgment for its commission against the sellers.

It does not appear from the record that the sellers, through their attorney or otherwise, agreed to submit their case to the trial court for decision on the presentation made by counsel. The contrary appears, particularly in the colloquy between the court and sellers' counsel concerning the issue of fraud:

MR. STEINBERG [attorney for the sellers]: Now, on one more item, your Honor, the Court has evidently rendered an oral judgment in this matter. I had the impression that the Court was going to hear testimony on the subject of fraud.

THE COURT: Well, apparently there isn't any fraud, from what you have indicated.

MR. STEINBERG: We say that there is, your Honor.

THE COURT: Well, I understood you did, but you didn't. The Romano Engineering case [*Webster v. Romano Eng'r Corp.*, 178 Wash. 118, 120, 34 P.2d 428 (1934)] sets out the elements of fraud and they have to be proved by evidence that is clear, cogent and convincing; that you haven't made any presentation before this Court as to these elements of fraud.

MR. STEINBERG: We are prepared to go forward to prove the fraudulent position of the [agent] here.

And the reported proceedings concluded:

MR. STEINBERG: Well, for the record, I wanted the Court to know that we have witnesses here to testify, and have always had witnesses since the beginning of the case yesterday, to the fraudulent activities of the [agent].

THE COURT: Well, that is the reason I asked you if you cared to make an offer of proof, but I didn't hear —

MR. STEINBERG: I thought the Court wanted to hear testimony on that subject.

Well, our offer of proof would be that the [agent] acted fraudulently with reference to the interest of [the sellers] in this case. That would be the offer of proof.

MR. CHESTNUT [attorney for the agent]: That is a mightly [*sic*] slim offer.

THE COURT: Well, of course, the Court adheres to its original ruling. There is nothing before the Court from a

factual standpoint that would give rise to any taking of any testimony. This Court decides this as a matter of law and according to the record and the presentation of counsel.

MR. CHESTNUT: Your Honor, can we arrange a date for presentation of the Judgment, Findings and Conclusions?

THE COURT: Yes, you may. Whatever you gentlemen agree on, I will make myself available.

MR. CHESTNUT: Mr. Steinberg?

MR. STEINBERG: I am willing to cooperate in that regard.

At a subsequent date, a document entitled "Findings of Fact, Conclusions of Law and Judgment" was entered. It included the following recital:

Counsel for both parties having made opening statements and legal arguments to the court, and in light thereof and of the entire records and files herein, it appearing to the court that the following findings of fact, conclusions of law, and judgment should be entered, . . .

This document is some eight pages in length and refers in detail to the pleadings, documents before the court and contentions of the parties including numerous references to the inadequacies of the opening statement of sellers' counsel and his "offers of proof."

The brief of appellants filed in this court by the sellers contains nine assignments of error and commences:

Without giving the prospective sellers an opportunity to present evidence in their defense, the court below rendered judgment against them and in favor of the real-estate broker for its commission of $3,500, plus interest. Seeking a full trial, they now appeal.

One issue, which is sufficiently raised by the various assignments of error, is determinative of this appeal.

ISSUE

Did the trial court err in disposing of this case by entering a judgment for one of the parties based on the opening statement of counsel?

DECISION

CONCLUSION. The object of disposing of cases on opening

statement of counsel is to prevent an unnecessary expenditure of time and costs of both court and litigants; however, when the opening statement of a party's counsel does not establish affirmatively, or by admission, that the party cannot prevail, the presentation of that party litigant's case to the trier of fact is not unnecessary but is essential.

Considering the function of an opening statement in the anatomy of a trial, it follows in reason that the peremptory disposition of a case based on an opening statement must be regarded as an extreme measure, fraught with danger and to be exercised sparingly and with caution lest a party be deprived of his or her day in court in a meaningful sense.

The opening statements of counsel are ordinarily intended to do no more than inform the court (and the jury in a trial by jury) in a general way of the nature of the action and defenses thereto so that the court (and jury) may be better prepared to understand the evidence. *Best v. District of Columbia*, 291 U.S. 411, 415, 78 L. Ed. 882, 54 S. Ct. 487 (1934). *See* 2 L. Orland, Wash. Prac. § 213 (1972). Counsel may state their case as briefly or as generally as they see fit. *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642, 644, 79 P. 308 (1905). It is not necessary to include every ultimate fact that counsel must prove in order to establish his or her case. 2 L. Orland, Wash. Prac. § 213 (1972). An opening statement may even be waived entirely. 2 L. Orland, Wash. Prac. § 213 (1972).

The practice of permitting the disposition of an action by rendition of a judgment or the direction of a verdict on the opening statement of counsel for a party is said to be peculiar to American jurisprudence. *Temple v. Cotton Transfer Co.*, 126 Neb. 287, 289, 253 N.W. 349 (1934).

In this state, trial courts are unquestionably empowered to dispose of civil actions on the opening statement of counsel for a party. *Impero v. Whatcom County*, 71 Wn.2d 438, 447, 430 P.2d 173 (1967); *Keron v. Namer Inv. Corp.*, 4 Wn. App. 809, 811, 484 P.2d 1152 (1971).

The right to enter judgment at the opening statement stage of a trial is based on the rationale that to do so

prevents the unnecessary expenditure of time and money to both litigants and courts. *Scott v. Rainbow Ambulance Serv., Inc.*, 75 Wn.2d 494, 496, 452 P.2d 220 (1969). The trial court's concern in this regard in the present case was therefore entirely commendable.

Because the dismissal of a case on opening statement of counsel is both summary and final, however, certain strict limitations and conditions are imposed on the authority of trial courts in that regard.

> A dismissal on an opening statement can be granted *only* when such statement shows affirmatively that there is no cause of action, or that there is a full and complete defense thereto, or when it is expressly admitted that the facts stated are the only facts which the party expects or intends to prove, that the court is warranted in acting upon it.

(Italics ours.) *Redding v. Puget Sound Iron & Steel Works, supra* at 644-45. *Accord, Bank of the West v. Wes-Con Dev. Co.*, 15 Wn. App. 238, 240, 548 P.2d 563 (1976); *Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 923, 509 P.2d 1009 (1973).

Furthermore,

> the power of the trial court in this connection should be exercised sparingly, with great caution, and never without a fair opportunity for . . . counsel to explain and qualify his opening statement.

*Bartel v. Brockerman*, 49 Wn.2d 679, 681, 306 P.2d 237 (1957). *Accord, Keron v. Namer Inv. Corp., supra.*

Here the trial court correctly determined that the opening statement of the attorney for the sellers failed to establish the defense of fraud.[1] That is materially different, how-

---

[1] For the purposes of this opinion, we have considered the entire presentation made by the sellers' attorney, including his offer of proof as to what the sellers' case would show concerning the agent's alleged fraud, to be a part of the opening statement made on behalf of the sellers.

Also, while we herein refer only to the issue of fraud, it should be noted that there were a number of other issues before the trial court. In order to avoid unnecessarily protracting this opinion, however, we refer only to the fraud issue since it is clear that for a judgment on the

ever, from the affirmative disclosure or admission in the opening statement of facts establishing that the sellers are precluded from prevailing in this case.

The mere insufficiency of the facts stated in an opening statement to constitute a cause of action or a defense, as the case may be, is not by itself a sufficient basis for a summary disposition of the action, because the opening statement is not ordinarily intended to be a full and complete statement of the cause of action or defense or to supersede the pleadings. *Frisell v. Surry*, 99 Wash. 201, 202, 169 P. 317 (1917); *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 760, 458 P.2d 897 (1969).

If, as the trial court concluded, the issues raised by the sellers could not be factually supported, or, if factually supported, could not in law lead to a result favorable to the sellers, then the agent, as the opposing party, had every right to move for a summary judgment in its favor prior to trial had it seen fit to do so, CR 56, or to challenge the sufficiency of the sellers' evidence after it had been presented.

If the agent had sought a summary judgment before trial, the sellers would then have had available to them in the orderly course prescribed by the Superior Court Civil Rules, the opportunity to present factual affidavits on the issues raised by their opponent as well as the right to have any hearing thereon continued if necessary in order to provide them with a fair chance to fully present their defenses. CR 56(e); CR 56(f). If the sufficiency of the sellers' evidence was challenged, it would only be after the sellers had the opportunity to present their entire case to the trier of the fact. Those are different matters, however, than requiring the sellers' attorney to justify his clients' right to proceed with their case when the opening statement made on their behalf indicated that they may have had something less than an ironclad defense.

A motion for judgment on an opening statement cannot

opening statement of a party to be sustained, the affirmative statements or admissions therein must be conclusive upon every theory presented. *Ellington v. Freigang*, 56 Wn.2d 718, 720, 355 P.2d 19 (1960); *Hastings v. Harkoff*, 61 Wn.2d 648, 650, 379 P.2d 914 (1963).

be converted into a motion for summary judgment (CR 56) wherein the court, following an opening statement, can consider matters other than the pleadings and opening statement of counsel, absent an invitation of the parties to do so, or absent a situation wherein the motion actually amounts to a motion for judgment on the pleadings (CR 12). *See Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 924, 509 P.2d 1009 (1973).

The object of disposing of cases on opening statement of counsel is to prevent an unnecessary expenditure of time and costs of both court and litigants; however, when the opening statement of a party's counsel does not establish affirmatively, or by admission, that the party cannot prevail, the presentation of that party litigant's case to the trier of fact is not unnecessary but is essential.

In the present case, the opening statement of the attorney for the sellers did not establish affirmatively, or by admission, the existence of facts which would preclude the sellers from prevailing. The trial court, therefore, erred in ruling against the sellers, as it did, and in entering findings of fact, conclusions of law and judgment without requiring the opposing party, which stood in the position of plaintiff on its complaint in intervention, to put on its proof and without giving the sellers, as defendants, the opportunity to present testimony and evidence on their own behalf.

Reversed and remanded.

Costs will abide final determination of the cause.

WILLIAMS, C.J., and SWANSON, J., concur.